# Jones *v.* The State.

### *Indictment for Resisting Officer.*

1. *Resisting officer; what constitutes.*—Resisting or striking a constable when commanding the peace, there being no writ or process in his hands, is not resisting an officer in the execution of legal process (Code of 1876, § 4137), though it may be an assault and battery.

FROM the County Court of Madison.

Tried before the Hon. WILLIAM RICHARDSON.

This prosecution was commenced in the Circuit Court, and was transferred to the County Court under the provisions of the act approved February 9, 1877.—Session Acts, 1876–7, p. 149. The indictment contained but one count, which charged that the defendant "did knowingly and willfully oppose or resist Greene McMullen, a constable of said county, in attempting to command the peace." The defendant demurred to the indictment, on the ground that it showed no offense, but the court overruled the demurrer; and he then pleaded not guilty. On the trial, which was had before the judge, without the intervention of a jury, the constable testified that, while he was attempting to stop a fight between the defendant's brother and another person, and after he had commanded the peace, the defendant resisted and struck him; and the court thereupon found the defendant guilty, and fined him fifty dollars; to which judgment he reserved an exception.

NICH. DAVIS, for the defendant.

JOHN W. A. SANFORD, Attorney-General, for the State.

STONE, J.—Under the proof in this record, the defendant may have been guilty of an assault and battery; but neither the indictment nor the evidence shows an offense under section 4137 of the Code of 1876. To come within that statute, the offender must knowingly and willfully oppose or resist an officer of the State, "in serving, executing, or attempting to serve or execute a *legal writ,* or *process.*" There was no writ or process in this case.

The judgment of the County Court is reversed, but the cause will not be remanded. Let the defendant be discharged.