# King *v.* The State.

*Indictment for Resisting Officer in execution of Warrant.*

1. *Execution of warrant of arrest.*—In executing a warrant of arrest, it is the duty of the officer to read or explain its contents to the defendant, unless his words and conduct show that he knows the nature and substance of the charge; and it is the duty of the defendant to submit quietly to arrest, when the warrant is not void on its face, and to go before the officer who issued it, or before whom it is returnable; nor can he claim the right, having wrongfully obtained possession of the warrant, to submit its validity to the opinion of his attorney, and to go before another magistrate if the attorney should say that it was legal and valid.

2. *Resisting officer; motive, and subsequent pacific conduct*—The defendant's motive for assaulting and resisting the officer, or the fact that he had some supposed cause of complaint not connected with the warrant, is no defense; nor can he be allowed to prove that, on the next morning, having permitted the officer to regain possession of the warrant, which he had snatched from his hand, he proposed to go with the officer before a justice of the peace, but not the one who had issued the warrant, and be tried on the charge preferred against him.

FROM the Circuit Court of Dale.

Tried before the Hon. JESSE M. CARMICHAEL.

The indictment in this case charged that the defendant, Jake M. King, "did knowingly and willfully oppose or resist an officer, E. P. Whitehead, a constable of Beat No. 12 in said county, in attempting to serve or execute a warrant of arrest issued by J. L. Trawick, a justice of the peace," on the complaint of one J. F. Williamson, charging said King with an assault; and the warrant was set out in full. The opinion states the material facts disclosed by the evidence on the trial, The defendant requested the following charges to the jury, and duly excepted to their refusal:    (1.)  " If the jury are in a reasonable doubt as to whether defendant assaulted Whitehead from any other motive than resisting the legal process, they must find for the defendant."    (2.) "It was the duty of the officer to make known to defendant for what he was to be arrested; and if he failed to make it known to defendant, they must find defendant not guilty."

H. L. MARTIN, for appellant, cited *Jones v. State*, 60 Ala. 99; *Stewart v. State*, 78 Ala. 440.

WM. L. MARTIN, Attorney-General, for the State, cited *Hayes v. Mitchell*, 80 Ala. 183.

STONE, C. J.—In *Jones v. The State*, 60 Ala. 99, the officer attempted to prevent a breach of the peace within his presence, and was resisted in the attempt. He had no warrant or process for the arrest of any one. That case was clearly not within the statute, which provides only for resistance of an "officer of the State in serving, executing, or attempting to serve or execute," a legal writ or process. Code of 1886, § 3974. That case sheds no light on this.

.The present case is peculiar in its facts. Williamson had sued out a warrant from a justice of the peace, charging that King was guilty of an assault. That warrant was in the hands of Whitehead, the constable, for execution, and Whitehead was spending the night at the residence of Williamson, the prosecutor. King, hearing in some way, not shown in the record, that Whitehead had a warrant for him, did not wait for the officer to come to him to make the arrest. He went to the house of Williamson, and inquired for Whitehead. Being shown to his whereabouts, he asked the officer if he had a warrant for his arrest. He answered that he

[King v. The State ]

had. Both Whitehead and King made an unsuccessful attempt to read the warrant, when King snatched the warrant from the hands of the officer, and kept it until next morning. He did not then restore it to Whitehead, but, dropping it out of his pocket, Whitehead repossessed himself of it. King refused to go or be carried before justice Trawick, who had issued the warrant, but declared his intention to carry the warrant to his attorney at the county-seat, for the purpose of learning whether the warrant was all right. He also used offensive, defiant language. Up to this point there was no conflict in the testimony.

It is manifest that King did not approach the officer with the intention of submitting to the process of the law, and we are convinced he knew what the charge was which led to the issue of the warrant. He did not profess ignorance of it. This excused Whitehead from announcing or explaining to him the contents of the warrant. It is difficult to resist the conclusion, that the purpose of his visit was to show to Whitehead that he could not arrest him, and could not carry him before Trawick, the justice. His conduct is scarcely explainable on any other hypothesis. Without this inference, however, his conduct is wholly inexcusable, in any light in which we can view the undisputed testimony. It is not for the defendant to determine whether he will submit to arrest under process in the hands of a lawful officer, unless the process is void on its face; nor can he elect before what justice he will be tried. It was equally beyond the purview of his legal rights and duty to defy the officer, or keep him at bay, until with the possession of the warrant, tortiously procured, he could obtain the advice of counsel. The process not being void, the law and good order demanded that he should submit to arrest, and present his legal defenses afterwards. The undisputed testimony shows that he resisted the officer in the execution of the process. There was testimony which makes defendant's conduct much more culpable, but we place our judgment on that which was most favorable to him.—1 Whar. Cr. Law, § 652; 1 Bish. Cr. Law, §§ 465–8; 2 *Ib.* 1010.

The resistance, amounting to a rude assault according to some of the testimony, was perpetrated and made complete at the first interview with the officer. It was then he defied arrest. The next morning he was in more pacific mood, and proposed to go with the officer, not to the justice who had issued the warrant, but to Ozark, the court-house town, to be

there tried before some other justice, if his attorney advised him the warrant was all right. Defendant offered to make this proof, but it was objected to and excluded. There was no error in this. What the defendant did on the morning of the fifth, even if it had been an offer to do what the law required of him, could not atone for his unlawful conduct of the evening before.

Neither of the charges asked should have been given. The defendant may have had a motive for assaulting the officer, other than the resistance of the process in his hands. Still, if he resisted the execution of the warrant, as we have shown above that he successfully did, he was guilty, and was properly convicted.

If it had not been shown that the defendant knew for what it was proposed to arrest him, it would have been the duty of the officer to notify him. His whole conduct shows he had such knowledge. It was not necessary for the officer, in view of the undisputed facts, to go through the idle ceremony of making known to him what he already knew.

Affirmed.