# Williams v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Evidence; when competent to state the circumstances of defendant being shot in being arrested.*—When the officer who arrested defendant testifies to admissions made by defendant just after his arrest, and, after stating facts to show that no undue influences were used to induce the confessions, the defendant's counsel asked the witness if he or some of his posse did not shoot and wound the defendant in arresting him, to which he answered in the affirmative, it is competent for the witness to state, in answer to a question by the solicitor, the facts and circumstances which caused the shooting.

2. *Charge to the jury, erroneous.*—On a trial under an indictment for an assault with intent to murder one Halton by shooting him, a charge is erroneous which instructs the jury that "The defendant had the right to act on appearances, and if the jury find from the evidence that at the time the defendant fired at John Halton he reasonably believed that said Halton was about to kill him (defendant), or do him some great bodily harm, and that defendant fired to prevent such

injury to his person, then the jury should find the defendant not guilty."

3. *Same; self-defense.*—Where, on a trial under an indictment for an assault with intent to murder one Halton by shooting him, the defendant attempted to justify himself under the rules of self-defense, and introduced evidence tending to show that prior to the difficulty the party assaulted had made threats against him, and was in the act of drawing a pistol on defendant when the latter fired, it is error to refuse a charge that instructs the jury that "If the jury find from the evidence that the conduct of John Halton was such as to reasonably lead the defendant to believe that Halton was about to inflict some great bodily harm on his person, and the jury further find that defendant was not at fault in bringing on the difficulty, that the defendant could not have retreated without increasing his danger, and that defendant, acting on such reasonable belief of great bodily harm, fired a pistol at said Halton and wounded him, then the jury should acquit the defendant."

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

The appellant was indicted, tried and convicted of an assault with intent to murder, and was sentenced to the penitentiary for five years. The testimony for the State tended to show that the defendant, before the finding of the indictment, shot John Halton. The facts in reference to the ruling of the court upon the evidence are sufficiently stated in the opinion, as is also the tendency of the testimony for the defendant. The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "The defendant had the right to act on appearances, and if the jury find from the evidence that at the time the defendant fired at John Halton he reasonably believed that said Halton was about to kill him (defendant), or do him some great bodily harm, and that defendant fired to prevent such injury to his person, then the jury should find the defendant not guilty." (2.) "If the jury find from the evidence that the conduct of John Halton was such. as to reasonably lead the defendant to believe that Halton was about to inflict some great bodily harm on his person, and the jury further find that defendant was not at fault in bringing on the difficulty, that the defendant could not have retreated without increasing his danger, and that defendant acting on such reasonable belief of

great bodily harm, fired a pistol at said Halton and wounded him, then the jury should acquit the defendant."

APPLING, McGUIRE & COLLIER, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant in this case was indicted, tried and convicted of a felonious assault, and sentenced to suffer imprisonment in the penitentiary for a period of five years. During the trial an exception was reserved to the ruling of the court, admitting certain facts as evidence, and for refusing two charges requested by the defendant. The deputy sheriff, a witness for the State, was interrogated as to admissions made by the defendant just after his arrest, and while under arrest, in regard to the shooting. After stating facts to show that no undue influences were used to induce the confessions, the defendant's counsel asked the witness, "If it was not a fact that he or some of his posse had shot and wounded the defendant in making the arrest?" The witness "answered in the affirmative, and stated that the defendant was shot in making the arrest by some of his posse." The solicitor then asked the deputy to state the facts and circumstances which caused the shooting. This was objected to by the defendant. The objection was properly overruled. The defendant himself by his counsel, called out the fact, that at the time of the statements, he was wounded, and the evidence showed that the wound was inflicted by some one making the arrest, and were made while under and immediately after the arrest. It was the duty of the court to ascertain all the facts and circumstances calculated to influence the defendant to make the confessions, in order to adjudicate their competency, and it was right for the jury to know under what circumstances they were made, in order to properly weigh them. The motion to exclude the evidence was properly overruled, for another reason. It was competent for the witness to state that the defendant had concealed himself, and the motion to exclude the statement of facts included the fact of the concealment as well as other facts. The court is not bound to separate legal from illegal evidence, conceding that a part was illegal.

[Beavers v. The State.]

The first charge requested by the defendant was clearly erroneous. We need not refer to it further.

The court erred in refusing the second charge requested. The defendant attempted to justify under the rules of self-defense. He introduced evidence tending to show that prior to the time of the difficulty, John Halton (the party upon whom the alleged assault was committed) had made threats against him, and "that he was in the act of drawing a pistol on defendant in a threatening attitude from his hip or side pocket when defendant fired;" that defendant was standing near a fire in company with several other persons, and that Halton was "circling" around him, when he fired. The record states that "Halton was in the act of drawing a pistol." No part of the evidence tends to show how the difficulty was brought on, or who was the aggressor, or in fault. Considering the charge in relation to the evidence, the words "about to inflict some great bodily harm on his person" are properly referable to the fact "that he was in the act of drawing a pistol on defendant in a threatening attitude from his hip or side pocket." The proof was sufficient upon which to predicate a charge of self-defense. The charge itself, as we construe it, asserts the law properly. It might have been better expressed, but as framed it could not mislead the jury. *Holmes v. State*, 100 Ala. 80 ; *Keith v. The State*, 97 Ala. 32; *Gibson v. The State*, 89 Ala. 121.

Reversed and remanded.