# Knight *v.* Knight.

*Bill in Equity to enforce a Vendor's Lien.*

1.  *Vendor and purchaser; lien of vendor not waived by the taking of purchase money notes.*—Where, upon the sale of land the vendor executes a conveyance to the vendee, who pays only a part of the pur-

chase money, a lien exists in favor of the vendor for the enforcement of the payment of the purchase money remaining unpaid, without an express reservation thereof; and the taking of the purchaser's promissory note for the deferred payments, no other security therefor being taken, is not a waiver of the lien.

2. *Same; bill to enforce lien; bona fide purchaser matter of defense.* In a bill to enforce a vendor's lien, it is not incumbent on the complainant to aver that a defendant who purchased a part of the land from the vendee, had notice of the existence of the lien sought to be enforced; the want of notice so as to constitute said defendant a *bona fide* purchaser without notice being matter of defense to be brought forward in the answer.

3. *Insanity; presumption as to competency to make contract, and as to representations in business transactions.*—In a suit by one of unsound mind suing by his next friend to enforce rights arising under a contract, where it is shown that at the time of the institution of the suit she was *non compos mentis*, the presumption is, nothing to the contrary appearing, that she had contractual capacity at the time of entering into the contract; and even if it should appear that such person was of unsound mind when the transaction under which her rights arose occurred, it will be presumed, if it is not shown otherwise, that such person was properly represented by a guardian in the transaction.

4. *Bill in equity to enforce vendor's lien; when complainants are entitled to maintain bill.*—A bill filed to enforce a vendor's lien which avers that the original vendor had died, and that his distributees desiring to carry out the wish and intention of the vendor as expressed in an unprobated will, "turned over, and by delivery transferred all their interest" in the note given for the deferred payment of the land, which was the basis of the suit, to other distributees, and that the latter subsequently transferred the same to the complainants who "are now the sole owners thereof," shows that complainants are the owners of the claim for the purchase money, and as such are entitled to maintain the suit.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case, as amended, was filed by the appellees, A. R. Knight and Amanda W. Knight, (the latter being of unsound mind and suing by her next friend), to enforce a vendor's lien on certain lands owned by the appellants, C. W. Knight and Nancy McQueen. The averments of the amended bill show that one J. A. Knight sold and conveyed certain lands to C. W. Knight, and for a part of the purchase price he took the note of C. W. Knight, which recited that it was given for the balance due of the purchase money of said land; that

after the purchase and the making of said note, C. W. Knight conveyed to Nancy McQueen, a part of the lands so purchased. It was further averred that said J. A. Knight died testate in 1889, and left surviving him his widow, Mrs. Mary Lou Knight, and as his heirs-at-law, Mrs. O. A. Coleman, J. H. Knight, Mrs. Joe Thigpen, J. A. Knight, Jr., and the complainants; that by said will J. A. Knight bequeathed to his widow, Mrs. Mary Lou Knight, J. A. Knight, Jr., and the complainant, Amanda W. Knight, the entire amount due by said Comer W. Knight on the note he had given in the purchase of the land; but that said will was never probated, and there had never been any administration upon the estate of J. A. Knight, Sr., and that since his death all debts and claims against his estate had been paid and discharged.

It was further averred in said bill. that "Mrs. O. A. Coleman, J. H. Knight and Mrs. Joe Thigpen, being desirous of carrying out the purposes and intention of their father, as expressed in said will, and of avoiding the expenses of an administration and other legal proceedings turned over and by delivery transferred all their interest in said note and the amount due thereby to the said Mrs. Mary Lou Knight, John A. Knight, Jr., and Amanda W. Knight. That thereafter your orator, A. R. Knight, purchased the interest of Mrs. Mary Lou Knight and J. A. Knight, Jr., in said note, and they by delivery transferred the same to him, and that your orator and oratrix are now the sole owners thereof."

Comer W. Knight, Nancy McQueen, Mrs. Mary Lou Knight, Mrs. O. A. Coleman, J. H. Knight, Mrs. Joe Thigpen and J. A. Knight, Jr. were made parties defendant to the bill; and the prayer was for the establishment of a vendor's lien upon the lands for the unpaid purchase money as evidenced by said note.

To this bill the defendants demurred upon several grounds, the substance of which were as follows: 1st. It plainly appears in and by the averments of said bill as amended that the executor of the last will and testament of John A. Knight, deceased, is a necessary party to said amended bill. 2d. That the bill failed to show that the complainants are the owners of the note given for the purchase of the land, and they can not maintain this suit for the enforcement of the verdor's lien. 3d,

[Knight v. Knight.]

Said amended bill fails to aver that when John A. Knight sold the lands described therein to the respondent, C. W. Knight, he reserved and retained a vendor's lien thereon. 4th. Said bill as amended fails to aver that the respondent, Nancy McQueen, had any notice of the existence of a vendor's lien sought to be enforced in this cause, when she purchased the lands described in the fifth paragraph of the amended bill. 5th. Said bill as amended fails to aver that the note, the subject matter of this suit, was ever transferred by delivery, in writing or in any legal or equitable manner to Mrs. Mary Lou Knight, John A. Knight and Amanda W. Knight. 6th. Said amended bill in and by its averments shows that Amanda W. Knight is a person of unsound mind and that she was not capable of contracting or forming a valid agreement by which the heirs of John A. Knight could relinquish their rights to her in and to the note the subject matter of this suit. 7th. Said bill as amended shows in and by its averments that should the will of John A. Knight ever be admitted to probate and record the executors of John A. Knight would have the right to file a bill and enforce the vendor's lien sought to be established in this suit. 8th. The will of John A. Knight shows that the complainants have no vendor's lien on the lands described in the bill as amended. 9th. Said bill as amended shows that A. R. Knight can not sue as the next friend of Amanda W. Knight.

Upon the submission of the cause upon the demurrers, the chancellor rendered a decree overruling them. From this decree the defendants appeal, and assign the same as error.

GAMBLE & POWELL, for appellant.—No vendor's lien existed in favor of the original vendor, and, therefore, the complainants were not entitled to maintain the present bill.—28 Amer. & Eng. Encyc. of Law, 177.

The allegations of the amended bill show that, after John. A. Knight sold the lands to C. W. Knight, a portion of them was conveyed to Nancy McQueen by C. W. Knight. The bill fails to allege Nancy McQueen had notice of the lien of the complainants at the time of the conveyance to her. The burden was on the complainants to prove and, of course, allege that Nancy McQueen had notice of the lien they are seeking to establish in

this cause.—*Burch v. Carter*, 44 Ala. 115; *Lambert v. Newman*, 56 Ala. 623; *Hightower v. Rigsby*, 56 Ala. 126.

FARNHAM & CRUM, *contra*.—The presumption of law, unless independent security is taken, is, that a vendor retains his lien for the unpaid purchase money.—3 Brick. Dig., 612, §§ 43, 44, 45 and 46; 3 Brick. Dig., 614, § 77; *Jackson v. Stanley*, 87 Ala. 270; *Crampton v. Prince*, 83 Ala. 246; *Thompson v. Sheppard*, 85 Ala. 611.

The burden is upon the respondent, setting up the defense of a *bona fide* purchaser for value, etc., to sustain the same. — 2 Brick. Digest, 518, 519, §§ 171, 183; 3 *Ib.*, 809, § 155.

McCLELLAN, J.—On the averments of the bill a vendor's lien existed in favor of John A. Knight on the land sold and conveyed by him to C. W. Knight for the purchase money thereof. It was in nowise necessary that a lien should have been reserved : it arose from the sale on credit and conveyance of the land, and it is quite an error to suppose that the taking of the promissory note of the purchaser for the amount of the purchase money, no other security therefor being taken, was a waiver of the lien.

It was not incumbent on the complainants to aver that the respondent, Nancy McQueen, when she purchased a part of this land from C. W. Knight, had notice of the existence of the lien now sought to be enforced. That she was a *bona fide* purchaser for value without notice is defensive matter to be brought forward, if such be the fact, by her answer.

The bill shows that Amanda W. Knight was of unsound mind on May 20th, 1895, when the amended bill was filed, in which she sues by next friend. This is not to say that she was *non compos mentis* at any time theretofore, and the presumption is that she was endowed with contractual capacity when the debt due by C. W. Knight for purchase money of this land was in part transferred to her. But even if it appeared by the bill that she was of unsound mind when that transaction occurred, the presumption, as the matter is now presented, would be that she was efficaciously represented by a guardian in and about said transfer to her. The demurrers which proceed on the idea that it appears

[Knight v. Knight.]

from the bill that she did not own the interest asserted in her behalf are wholly without merit.

John A. Knight's will was never probated. He owed no debts, his heirs at law were desirous of carrying out the provisions of the will, and did carry them out, without probating it. There was, therefore, no necessity to probate the will or to have an administration of the estate. The note of C. W. Knight belonged, after the death of John A. Knight, to the distributees of his estate. His widow survived him, and his heirs at law were Mrs. O. A. Coleman, J. H. Knight, Mrs. Joe Thigpen, J. A. Knight, and the complainants, A. R. Knight and Amanda W. Knight. It was the desire of John A. Knight, as evidenced to his widow and distributees by his unprobated will, that of the sum due from C. W. Knight as purchase-money for the land in question, his widow, Mrs. Mary Lou Knight, should have one hundred and fifty dollars, his son J. A. Knight, Jr., should have one hundred and fifty dollars ; and that his daughter, Amanda W., should have the remainder of the claim against C. W. Knight. The bill further shows that Mrs. Coleman, J. H. Knight and Mrs. Thigpen, the only distributees of John A. Knight's estate except A. R. Knight, who as such had any interest in the claim against C. W. Knight adverse to the disposition thereof attempted to be made by the will, desiring and intending to carry out that disposition, "turned over and by delivery transferred all their interest in said note and the amount due thereby to said Mrs. Mary Lou Knight, John A. Knight and Amanda W. Knight," and that subsequently the complainant purchased the interests of Mrs. Mary Lou Knight and J. A. Knight, Jr., in said note, and they by delivery transferred the same to him, and that he and the other complainant, Amanda W., "are now the sole owners thereof." These averments are quite sufficient to show that the complainants are the owners of the claim for purchase money, and as such entitled to maintain this bill, to which the heirs and distributees of John A. Knight, as well as C. W. Knight and Nancy McQueen, are made respondents, to declare and enforce a vendor's lien against said land for the amount due on said note. If there is any question as to the proportions to be observed in dividing the proceeds of the claim between the complainants, it is one

which does not concern the respondents, for whatever division is finally made by the court will stand as full protection to them.

The assignments of demurrer are without merit, and the decree of the chancellor is affirmed.