# Kelley, *et al.* *v.* Chandler.

*Bill to Declare a Mortgage Void and Cancel It as Cloud.*

(Decided December 16, 1913. 63 South. 941.)

*Vendor and Purchaser; Bona Fide Purchaser; Pleading.*—The defense of bona fide purchaser must be set up by plea or answer and is not available on demurrer where the bill on its face did not show that respondent was a bona fide purchaser for value without notice, but merely showed that it was the transferree of the legal title, and hence, failed to show that respondent had notice of complainant's equities.

APPEAL from Covington Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by W. H. Chandler against E. E. Kelly and the Covington County Bank to cancel a deed for fraud. Decree for complainant and respondents appeal. Affirmed.

The case made by the bill is that the state of Alabama sold the lands to one D. C. Taylor as a part of the swamp and overflow lands, and made him a deed to the same, and that complainant purchased from Taylor through mesne conveyances his immediate vendor being B. R. Stephens. It is then averred that when complainant discovered the error in the patent, being an error of description, E. E. Kelly requested that he turn the patent over to him that he might have it corrected, that he did so and Kelly thereafterwards came to him and stated that the particular land had been listed for sale by the Alabama Insane Hospital, and that there was no way to remedy the defect except to purchase from the hospital and pay them $5 per acre for the 80 acres, and after much discussion of the subject and further representation by Kelly along these particular lines, he executed to Kelly a mortgage for $400, with which to purchase

said land, and that Kelly took the money with the understanding that he would pay the same to the Alabama Insane Hospital and procure complainant a warranty deed for said lands from said institution. That after the execution of the mortgage orator learned that the trustees were not claiming or charging anything for the lands nor insisting upon their right as against the claims of Taylor and his vendee, and instead thereof had executed voluntarily to Taylor a quit claim deed correcting the description, and thus perfecting title in orator in said lands. It is averred that Kelly subsequently to the execution of said mortgage transferred and sold said mortgage with the rights and powers therein contained to the Covington County Bank, and that said bank is proceeding to foreclose said mortgage under the powers therein contained, and it is averred that Kelly was cashier of the bank at the time of the execution of the mortgage and is now, and it is further alleged that as Kelly did not in fact pay out any money for complainant for said land or to procure the said quit claim deed, it would be unjust and inequitable and against good conscience to permit the mortgage to be foreclosed. The demurrer was that there was no equity in the bill.

W. L. PARKS, for appellant. The bill is without equity and the demurrers should have been sustained.—*Callahan v. Moore,* 56 Ala. 303; 82 Ala. 158; 125 Ala. 319.

J. A. CARNLEY, and A. R. POWELL, for appellee. No brief reached the Reporter.

DOWDELL, C. J.—This appeal is taken from the decree of the chancellor overruling the demurrer to the bill.

The demurrer is general and goes to the equity of the bill. The insistence of counsel in argument for the re-

spondent, appellant here, and the only insistence, is the bill shows that the respondent Bank of Covington is the transferee of the legal title to the property in question, and fails to show that the bank had notice of the complainant's equities.

The bill in the present case does not show, on its face, that the bank is a bona fide purchaser for value without notice. If it did, the defense might be available on demurrer. The general rule is that the defense of bona fide purchaser for value without notice is defensive matter that must be set up by way of plea or answer.— *Hanchey v. Hurley*, 129 Ala. 311, 30 South. 742; *McKee v. West*, 141 Ala. 531, 37 South. 740, 109 Am. St. Rep. 54; *Gresham v. Ware*, 79 Ala. 198; *Wood v. Holly*, 100 Ala. 350, 13 South. 948, 46 Am. St. Rep. 56; 2 Pom. Eq. Jur. § 784; Sims' Chancery Prac. §§ 278, 468.

There was no error in the chancellor's ruling, and his decree will be affirmed.

Affirmed.

McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.