[Shotts v. Cooper, et al.]

# Shotts *v.* Cooper, *et al.*

### Trover.

(Decided February 8, 1917.   74 South. 353.)

1. **Executors and Administrators; Authority; Right to Rent.**—Nothing appearing to the contrary, executors have statutory power to rent real estate of the deceased, subject to the supervision of the probate court.

2. **Mortgages; Priority; Tenant Holding Over; Evidence; Sufficiency.**— In trover evidence held to warrant the finding of an implied, if not an express, contract on the part of the executors to allow the tenant to hold over for another year, and so to give validity to a crop mortgage which was prior to other mortgages on the land and crop, executed by the tenant, who thereafter contracted to purchase the land.

3. **Mortgages; Lien; Tenant Holding Over; Implied Tenancy; Evidence.**— A tenant of farm land, while holding over after the expiration of his lease with consent of the executors of the owner, executed a mortgage on the crop to be grown the following year.   Thereafter the tenant contracted to purchase the land, and gave a mortgage upon it and the crop to be grown, for the purchase money.   There was evidence that while holding over with consent of the executors and before he contracted to purchase, the tenant prepard the land for cultivation.   Held, that such evidence was admissible to show that at such time the tenant had an interest in the land, so that the crop mortgage first executed by him would be a specific lien on the crops grown.

4. **Evidence; Declarations; By One in Possession; Nature of Right.**—Declarations by one executing a crop mortgage as to his tenancy of the land, made in the absence of the lessors, are inadmissible to establish the mortgagor's rights, on the theory that declarations of one in possession of property are admissible to explain the same.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Action between W. M. Shotts and J. W. Cooper and others. From a judgment for the latter, the former appeals.   Reversed and remanded.

The cause was tried on the second count of the complaint, which was in trover for the conversion by defendant (appellant here) of four bales of lint cotton, and on the plea of the general issue thereon.   No question was raised as to the charge of conversion by defendant.   The cotton was raised by one J. G. Gann, in Marion county on land known as the "John Mitchell place," Gann having been for several years a tenant of Mitchell, who died in August, 1913.   In March, 1914, Gann was still on the

land, and made a contract with the executors of Mitchell's estate to purchase it. To secure the purchase price, evidenced by three promissory notes, he executed to them on March 23, 1914, a mortgage on the land and on the crops that might be grown thereon during that year, which mortgage was duly filed for record on the date of its execution. The cotton in controversy was raised on this land and embraced in said mortgage. The defense set up that the cotton was taken under a mortgage executed by Gann in February, 1914, on crops to be raised that year. Objection to the introduction of said mortgage in evidence was sustained. On the conclusion of the evidence the court gave the affirmative charge at the request of the plaintiffs, and on this action of the court, and the court's rulings on the evidence, the assignments of error are based.

C. E. MITCHELL, HILL, HILL, WHITING & STERN and W. RAYMOND COOPER for appellant. E. B. & K. V. FITE for appellee.

GARDNER, J.—The evidence is without dispute that the mortgagor, Gann, purchased the land on which the cotton in controversy was grown from the estate of his former landlord, John Mitchell, in March, 1914, and to secure the purchase price he executed a mortgage on the land and on the crops to be grown thereon during 1914; that Mitchell died in August, 1913, and Gann continued on the land up to the time of his purchase thereof.

(1-3) Appellants rested for defense upon the mortgage executed on February 16, 1914, on the crop for that year. Plaintiff's insistence seems to be that at the time of the execution of the crop mortgage the mortgagor did not own the land, nor any interest therein, and had no rental contract thereon, and that therefore such a mortgage conferred no specific lien on such after-acquired property, citing *Windham v. Stephenson*, 156 Ala. 341, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; *McNeill v. Henderson & Hill*, 1 Ala. App. 405, 55 South. 269; *Young v. Hall*, 4 Ala. App. 603, 58 South. 789. The evidence that Gann had occupied the land as tenant for Mitchell for a period of ten years prior to the execution of the mortgage here in question, and that his occupancy continued after Mitchell's death, was not disputed. The record does not disclose when the executors of the estate were appointed, but they had the statu-

tory power, nothing appearing to the contrary, to rent the real estate of the deceased, subject, of course, to the supervision of the probate court. Testimony was offered, as we understand the bill of exceptions, to show on the part of the defendant that the tenant mortgagor paid the rent of 1913 to the executors of the estate, and that they had permitted him to remain on the place after the expiration of the crop year under the same conditions as theretofore, and in January, 1914, he was preparing to make another crop. Defendant also offered to show that on land of that character the time for the planting of corn would be prior to March 23d of the year. We recognize that the doctrine of "holding over" by a tenant after the expiration of his lease, where the circumstances are such that the landlord may be held to have elected to treat the tenancy as continuing, rests upon the principle that the law implies a contract between the parties for a lease for another year (*Robinson v. Holt*, 90 Ala. 115, 7 South. 441; *Wolffe v. Wolffe*, 69 Ala. 549, 44 Am. Rep. 526), and as a general rule may be confined to the parties to the contract. Whether such limitation exists here, however, we need not determine. The evidence not only discloses that the tenant did occupy the same land for a long term of years and continued to occupy it in the same manner as theretofore, but the testimony above referred to, offered by the defendant and to which objections were interposed and sustained, was, in our opinion, sufficient for submission to the jury of the question as to whether or not at the time of the execution of the mortgage to appellant on February 16, 1914, the tenant had made some arrangement or entered into any valid agreement with the executors for the cultivation of the land for another year. We are of the opinion that from this testimony, in connection with that already introduced, the jury might infer an implied, if not an express, contract on the part of the executors with the tenants to the occupancy of the land for another year.—24 Cyc. 882; *Rainey v. Capps*, 22 Ala. 288. We, therefore, conclude that there was reversible error in excluding the evidence referred to.

(4) The defendant offered to prove a declaration of the mortgagor, made prior to the execution of defendant's mortgage, to the effect that he had made arrangements for another year; and the following cases are cited by counsel for appellant to the effect that declarations of one in possession of property, explanatory of the possession, are admissible: *Clealand v. Huey*, 18 Ala.

[McGehee v. The State, ex rel. Tate.]

347; *Daffron v. Crump,* 69 Ala. 77; *Holman v. Clark,* 148 Ala. 291. 41 South. 765; *Gary v. Terrill,* 9 Ala. 206; *Oden v. Stubblefield,* 4 Ala. 40. While the general principle announced in these cases is well understood, yet we are of the opinion that the evidence here offered was inadmissible. There was no question that the mortgagor was in possession of the land at the time of the execution of defendant's mortgage. The only purpose to be served by the question was to show a rental contract by the mere declaration of the mortgagor, in the absence of the parties interested in the cause. We do not think that the principle announced in the above-cited cases can be made to extend to the situation here presented.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.