(91 South. 604)

## HODNETT v. HOWLE et al. (5 Div. 810.)

(Supreme Court of Alabama. Dec. 22, 1921.)

**Vendor and purchaser ⬅240—In suit to declare deed a mortgage, defendants must plead purchase in good faith.**

A bill to have a deed declared a mortgage and to redeem, not showing on its face that the subvendees had notice of the alleged equity, was not demurrable, since it was for defendants to set up in their answer the defense of a bona fide purchaser for value.

Appeal from Circuit Court, Elmore County; Walter B. Jones, Judge.

Bill by M. P. Hodnett against J. M. Howle and others. From a decree sustaining demurrers to the bill, complainant appeals. Reversed and remanded.

The bill alleges that complainant was indebted to the Howles, and in order to secure said indebtedness executed to them a deed to certain land. It seems that soon after the execution of the deed it was recorded, and the Howles went into possession of the land, and later conveyed portions of it to the parties named above. The bill also offers to do equity, and places complainant under jurisdiction of the court. The demurrers raised the question that the bill does not sufficiently charge the notice to the purchasers from Howle that the deed was to operate as a mortgage, and that for aught that appears therefrom the respondents are innocent purchasers for value for the lands bought of Howle.

P. K. Shirley and Smoot & Morrow, all of Wetumpka, for appellant.

The defense of bona fide purchaser must be made by plea or answer, unless the fact appears from the face of the bill. Pom. Eq. Jur. 784; (C. C.) 57 Fed. 42; 5 Ohio, 298, 24 Am. Dec. 281. The equity of the bill is supported by the following authority: 202 Ala. 115, 79 South. 581; 189 Ala. 121, 66 South. 506.

Holley & Milner, of Wetumpka, for appellees.

Notice, actual or constructive, should be averred in the bill. 27 Cyc. 1592; 72 Ala. 361. The bill was otherwise defective. 153 Ala. 508, 45 South. 168; 28 Ala. 226.

SAYRE, J. Bill by Hodnett against his vendees in a duly recorded deed and their subvendees to declare complainant's deed a mortgage and to redeem. Demurrer taking the point that the amended bill failed to aver that the subvendees had notice of complainant's alleged equity was sustained, after which this appeal. The defense of bona fide purchase for value without notice must be raised by averment of the facts constituting the defense in the answer, by plea, or, when the facts appear on the face of the complaint, by demurrer. Kelley v. Chandler, 184 Ala. 358, 63 South. 941; 2 Pom. Eq. Jur. (4th Ed.) § 784. And this court has heretofore held that, notwithstanding complainant's bill may disclose the fact that defendant is possessed of a paper title, clear

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on its face, complainant, setting up an equity, is not required to aver notice in his bill, but defendant must invoke the defense by plea or answer. Hanohey v. Hurley, 129 Ala. 306, 30 South. 742; Knight v. Knight, 113 Ala. 597, 21 South. 407. As to the burden of proof in such cases, see Hightower v. Rigsby, 56 Ala. 126; Lambert v. Newman, 56 Ala. 623. We are not disposed to change the rule of pleading so established.

It results that the decree in this cause was in error. The demurrer should have been overruled as against all the demurrants.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.