(98 South. 15)

WINDHAM v. WILSON. (6 Div. 969.)

(Supreme Court of Alabama. Nov. 15, 1923.)

1. Chattel mortgages ⟨key⟩17—Crops must be contemplated product of land in which mortgagor has definite present interest before mortgage on crops creates superior specific lien.

To create a specific mortgage lien on crops such as will prevail against third persons subsequently acquiring a specific interest therein, the crops must be the contemplated product of the land in which the mortgagor had at the time a definite present interest as distinguished from a mere possible or expectant future interest.

2. Chattel mortgages ⟨key⟩17—One holding over held to have sufficient interest in land to validate mortgage on crop.

Where defendant, who had rented land for the previous year, remained in possession and was holding over after the expiration of his lease, made a crop under a rental agreement made about a month after his execution of a crop mortgage, held, that his interest in the land was sufficient to render his mortgage valid.

3. Trover and conversion ⟨key⟩34(5)—Plea of not guilty puts in issue every defense except release.

With the exception of a release, the plea of not guilty in trover puts in issue every matter pleadable in bar.

4. Chattel mortgages ⟨key⟩229(2) — Evidence that mortgage was procured by fraud admissible under plea of not guilty in trover by mortgagee.

In trover by chattel mortgagee for conversion of mortgaged crop, defendant's evidence that the mortgages were procured by the false representations of plaintiff's agents as to their contents was admissible under the plea of not guilty, without a special plea of fraud.

Appeal from Circuit Court, Lamar County; T. L. Sowell, Judge.

Action by A. S. Wilson against R. V. Windham. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The suit is in detinue and trover for the detention or conversion of 160 bushels of corn, and 1,500 pounds of seed cotton.

The court at the conclusion of the evidence gave the general affirmative charge for the plaintiff, and the jury returned a verdict in compliance therewith, assessing damages for the plaintiff at $139.70.

Plaintiff relied upon an instrument in form a note and mortgage; the mortgage covering crops for certain years, including the year 1915. One note and mortgage was executed by J. W. Coleman on February 19, 1915, the other by his brother L. C. Coleman, executed on February 16, 1915; each instrument conveying the crop to be raised in Lamar county during the year 1915.

The crops in question were raised on the place of a Mrs. Atkins; J. W. Coleman was residing upon this place at the time the mortgage was executed, and had so resided as the tenant of Mrs. Atkins the previous year. There was evidence tending to show that J. W. Coleman had not actually entered into a rental contract with Mrs. Atkins for another year, but had held over from the previous year, and made the rental agreement about a month after the execution of the mortgage. After he had rented it J. W. Coleman entered into a contract with his brother L. C. Coleman (who at the time lived elsewhere), whereby he rented him part of the place on halves.

The defendant offered to show that at the time of the execution of these instruments, the plaintiff made representations to each of the makers thereof that the instrument was only a note and not a mortgage, but the objection to this evidence was sustained, to which ruling the defendant duly excepted.

For report of the case on former appeal, see Wilson v. Windham, 206 Ala. 427, 90 South. 791.

J. C. Milner, of Vernon, and Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

A crop mortgagee, suing a purchaser of crops, has the burden of proving the mortgagor's interest at the time of the execution of the mortgage in the land on which the crops covered by the mortgage were grown, and that the crops sold to the defendant purchaser were raised on such land. Johnson v. Coosa Mfg. Co., 16 Ala. App. 649, 81 South. 141. When a person's signature to a written instrument is procured by false representations as to its contents, of which he is ignorant, this is fraud in the execution, for which the instrument may be avoided and set aside. Pacific Guano Co. v. Anglin, 82 Ala. 492, 1 South. 852. The judgment against the Colemans in suits to which the defendant appellant was not a party is not binding upon the defendant appellant, and should not have been allowed to be introduced in evidence against him.

Norman Gunn, of Jasper, and Kelley & Sims and Guy Redden, all of Vernon, for appellee.

Coleman was a tenant holding over and in possession when the note or mortgage was executed, which possession sufficed for him to make a valid mortgage on the crop to be grown. Shotts v. Cooper, 199 Ala. 284, 74 South. 353; Wolffe v. Wolffe, 69 Ala. 549, 44 Am. Rep. 526; Robinson v. Holt, 90 Ala. 115, 7 South. 441; Linn v. McLean, 85 Ala. 250, 4 South. 777. There was no plea setting up fraud, and evidence of misrepresentations by plaintiff was inadmissible.

PER CURIAM. It is insisted that the mortgages on the crops for 1915 were invalid, as the mortgagors had made no rental contract, had no interest in the land at the time, and that therefore the crops had no potential existence.

[1] The rule is recognized that to create a specific lien on crops, such as will prevail against third persons who subsequently acquire a specific interest therein, it must appear that such crops were the contemplated product of the land to which the mortgagor had at the time a definite present interest, as distinguished from a mere possible or expectant future interest. Gilliland Merc. Co. v. Pond Bros., 189 Ala. 542, 66 South. 480; Littleton v. Abernathy, 195 Ala. 65, 70 South. 282; Windham v. Stephenson, 156 Ala. 341, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102.

[2] However, it appears that J. W. Coleman had rented the land for the previous year, remained in possession, and was "holding over" after the expiration of his lease (Shotts v. Cooper, 199 Ala. 284, 74 South. 353), continued thereon, and made the crop under an agreement made about a month thereafter, and the court is of the opinion under these circumstances he had such an interest as to constitute the mortgage on the crops a valid one. It may be that as to L. C. Coleman the same reasoning would not apply, the facts not being the same; but there was no separation of the interests of the two, and no occasion for a definite decision thereon. Reversible error cannot therefore be predicated upon the action of the court in giving the affirmative charge for the plaintiff upon this theory of the case.

[3, 4] The defendant offered proof tending to show that the instruments relied upon by the plaintiff were secured as a result of false and fraudulent representations made by plaintiffs' agents to the mortgagors—such as a misrepresentation of the contents of the instruments. We are of the opinion this evidence should have been admitted. Pac. Guano Co. v. Anglin, 82 Ala. 492, 1 South. 852; Beck, etc., Co. v. Houppert, 104 Ala. 503, 16 South. 522, 53 Am. St. Rep. 77.

Counsel for appellee make the point, however, that this evidence was inadmissible for the reason there was no special plea setting up the fraud. The judgment rendered was evidently based upon the trover counts, and the instruments upon which the plaintiff relied were collaterally involved. It is the rule of this state that, with the exception of a release, the plea of not guilty in trover puts in issue every matter pleadable in bar. Such evidence was therefore admissible without a special plea. Ryan v. Young, 147 Ala. 660, 41 South. 954; Am. Bottling Co. v. Finney, 203 Ala. 92, 82 South. 106; 12 R. C. L. 418.

For the error indicated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.