143 So. 831

## MOORE et al. v. WELDEN.

### 8 Div. 432.

Supreme Court of Alabama.

Oct. 13, 1932.

R. B. Patton, of Athens, for appellants.

J. G. Rankin, of Athens, for appellee.

BROWN, J.

Action of tréspass for an assault and battery alleged to have been committed by the defendants, Leonard Moore, Tom M. Moore, and John William Townley, on the plaintiff Welden. There was a verdict and judgment against all the defendants, from which they jointly appeal.

The case was submitted on a joint assignment of errors, without a severance, and only assignments relating to the rights of all the appellants will be considered. Stacey et al. v. Taliaferro et al., 224 Ala. 488, 140 So. 748.

Charge 4, the basis of assignment of error 4, was well refused. It pretermits the right and duty of the plaintiff as an officer armed with a warrant of arrest to make the arrest, Moore's duty to peacefully submit to the arrest, and the defendants' freedom from fault. King v. State, 89 Ala. 43, 8 So. 120, 18 Am. St. Rep. 89; 2 R. C. L. 465, § 23.

The plaintiff testified in part to what occurred between himself, Tom Moore, and Leonard Moore after he entered the house to serve the warrant, immediately preceding the scuffle between the witness and Leonard Moore, and it was the defendants' right to show all that was said and done, as a part of that transaction. Williams v. State, 103 Ala. 33, 15 So. 662; Drake v. State, 110 Ala. 9, 20 So. 450; Gibson v. State, 91 Ala. 64, 9 So. 171; Dodson v. State, 86 Ala. 60, 5 So. 485.

The court therefore erred in sustaining the plaintiff's objection to the question, "And Leonard Moore told you Dr. Bailes was attending him and had put him to bed?" This called for a statement made by the defendant constituting a part of the transaction proved by the plaintiff, and it was clearly within the res gestæ of the main fact.

The defendants were, however, allowed to prove by Leonard Moore and other witnesses that he made the statement to plaintiff that Dr. Bailes was his attending physician, and that Dr. Bailes told him to go to bed. The testimony was not disputed, and the error of the court in sustaining said objection was without injury.

The court overruled the objection to the question made the predicate for assignment of

error 8, and the witness gave a negative answer to the question.

 The statement of the plaintiff to the witness Mullins, fourteen or fifteen years prior to the occurrence under investigation, was too far removed from the question at issue to be of any probative force, and, moreover, the statement, if made, was too general in its scope to constitute a threat. The court did not err in sustaining the objection and excluding the evidence.

We find no reversible error in the record, and the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.