173 So. 605

## HOGAN v. BAILEY.
### 4 Div. 921.

Supreme Court of Alabama.
April 8, 1937.

J. W. Brassell, of Phenix City, for appellant.

A. L. Patterson, of Phenix City, for appellee.

BROWN, Justice.

This is a bill by a mortgagor in possession against the transferee of the mortgagee, filed pending a foreclosure under the power of sale, to cancel the mortgage on grounds that the execution of the mortgage was procured by fraud, and that the consideration for the execution of the mortgage had failed.

The bill avers that the complainant "is an aged, illiterate, colored woman, unable to read and write." That she signed some kind of paper, or note, or other instrument, in the office of said mortgagee, but that she did not know said paper to be a mortgage, and that she understood said paper to be a note, or an agreement, or contract, between herself and the mortgagor for him to represent her in a case which was then pending in the circuit court of Russell county, Ala., and she did not know and she was not told that the said paper was a mortgage on said land; that she agreed with said mortgagee that certain services were to be performed for the payment of said sum, alleged in said mortgage, but the said services were not performed according to the agreement, in that said attorney (the mortgagee)˙ agreed to see that James Parker was put in jail and kept there for $100, and that he was not put in jail and the agreed services were not performed.

A copy of the mortgage is made exhibit to the bill, and it appears therefrom to have been signed by the complainant on the 18th day of May, 1934, and the complainant's acknowledgment thereto was taken by "Georgia Windham, Notary Public." That it was transferred to the said Georgia Windham by the mortgagee on the 30th day of October, 1934, but the transfer does not contain apt words of conveyance sufficient to pass the title to the mortgaged premises. The mortgage was transferred by Windham to the respondent on November 15, 1934, and was recorded in the pro-

bate office of Russell county on the 19th day of January, 1935.

The bill avers in its third paragraph "that the said respondent had notice of all defects of said alleged mortgage."

The demurrers of the respondent take the points that: (1) "There is no equity in the bill." (2) That "from aught that appears the respondent had no knowledge or notice of the complainant's agreement" with the mortgagee. (3) From aught that appears from the allegations of the bill the respondent is an innocent purchaser for value and without notice. The demurrers were overruled, and from the decree of the court overruling the same the respondent has appealed.

The first contention of the appellant is that it appears from the bill's averments that Georgia Windham is a necessary party to the suit, and therefore the bill is without equity.

■ It is too well settled to require the citation of authority, that the general demurrer for want of equity does not present the question of nonjoinder of parties. A specific ground of demurrer naming the party not joined is necessary to present such question. Nelson et al. v. Wadsworth et al., 171 Ala. 603, 55 So. 120; Cunliff et al. v. McPherson, 233 Ala. 513, 172 So. 597.

■ On consideration of the general demurrer for want of equity, all apparent amendable defects will be treated as amended. McDuffie et al. v. Lynchburg Shoe Co. et al., 178 Ala. 268, 59 So. 567; Lake v. Sealy et al., 231 Ala. 466, 165 So. 399.

■ It does not appear from the averments of the bill that the respondent acquired the mortgage in due course for value and without notice, nor was it incumbent on the complainant so to allege. This was a matter of defense which the respondent must plead. Hodnett v. Howle, 207 Ala. 39, 91 So. 604; Adams v. Pollak et al., 217 Ala. 688, 117 So. 299.

■ If it should be conceded that the averments designed to show fraud are not sufficient to warrant an inference that the complainant's signature was procured to the mortgage through fraud or undue influence, there is no specific ground of demurrer taking this point, and the defects, if such there be, may be cured by amendment of the bill. Beck & Pauli Lithographing Co. v. Houppert & Worcester, 104 Ala.

503, 16 So. 522, 53 Am.St.Rep. 77; Windham v. Wilson, 210 Ala. 330, 98 So. 15; Verner et al. v. Mosely, 221 Ala. 36, 127 So. 527.

The decree of the circuit court overruling the demurrer is therefore free from error, and is due to be affirmed.

It is so ordered by the court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.