174 So. 232

## FOSTER et al. v. WILLIAMSON.

### 5 Div. 242.

Supreme Court of Alabama.

April 29, 1937.

D. T. Ware, of Roanoke, for appellee.

Merrill, Jones & Whiteside, of Anniston, for appellants.

146

GARDNER, Justice.

The bill as amended seeks reformation of a real estate mortgage, and its foreclosure as thus reformed.

█ In the mortgage executed by defendants to complainant the land was erroneously described as being situated in Township 10, Range 19, and it is alleged that it was the intention of the parties to convey land in Township 19, Range 10, the reformation sought being a mere transposition of these numbers. The mutuality of the mistake, attributed to the party writing the mortgage, is sufficiently made to appear, and meets the requirement of good pleading as here approved. Christopher v. Goode, 226 Ala. 338, 146 So. 881, and authorities therein noted.

█ The bill has an independent equity for the foreclosure of the mortgage, and a prior demand for correction was unnecessary. Webb v. Sprott, 225 Ala. 600, 144 So. 569. And the title of complainant, with his right to foreclosure of the mortgage, also sufficiently appears from the facts alleged (Scott v. Jackson Securities & Investment Co., 225 Ala. 90, 142 So. 76), which differ materially from the meager averments in this respect found in Ezzell v. Richardson, 221 Ala. 346, 128 So. 783.

█ Complainant abandoned a small portion of the land embraced in the mortgage, and seeks no foreclosure thereof. Under the express provisions of section 9015, Code 1923, this works no prejudice to his right of foreclosure as to the remainder, and the fact that reformation is necessary as to this remainder in no manner affects this right.

█ The amendment to the bill filed October 7, 1936, refers to the answer of defendants as disclosing a sale of the land by defendants to one Mills, who is made a party to the bill, and much argument is advanced upon the question as to whether or not such party is a bona fide purchaser for value, and entitled to be protected as such. But the bill makes no reference to the matter of a bona fide purchase, and it is recognized as the general rule that this is defensive matter to be set up by plea or answer. Kelley v. Chandler, 184 Ala. 358, 63 So. 941. As said in this latter authority, and applicable here: "The bill in the present case does not show, on its face, that the bank is a bona fide purchaser for value without notice. If it did, the defense might be available on demurrer."

We are therefore of the opinion that question was not presented to the chancellor, and not of consequence here for review. Upon the merits the decree is due to be affirmed.

█ Appellants have moved to strike certain portions of the transcript (pages 18 to 46) upon the theory this matter, consisting of testimony of witnesses examined, was foreign to the appeal, and was included in the transcript over their strenuous objection, and upon direction of appellee.

We conclude the motion is well taken. There was no submission for final decree, only a submission on demurrer to the bill as amended. These witnesses were merely examined in anticipation of submission on final decree, and their testimony not yet before the court. Of course, it has no bearing upon the sufficiency of the pleading.

In reply appellee makes reference to the proof disclosing the sale to Mills. But the answer of defendants disclosed this sale and fully justified the amendment in this regard.

Appellant has pursued the course pointed out in Stokes v. Stokes, 212 Ala. 190, 101 So. 885. Upon that authority, the motion is granted, and appellee taxed with so much of the costs of the appeal as is attributable to the inclusion of the above-noted testimony in the transcript.

The decree is affirmed, and the motion to strike granted, with taxation of costs as herein indicated.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.