185 So. 168

**FOSTER et al. v. WILLIAMSON.**

**5 Div. 287.**

Supreme Court of Alabama.

Dec. 1, 1938.

Merrill, Jones & Merrill, of Anniston, for appellants.

D. T. Ware, of Roanoke, for appellee.

BROWN, Justice.

The equity and sufficiency of the bill in this case was sustained on the former appeal, reported as Foster et al. v. Williamson, 234 Ala. 144, 174 So. 232, to which we refer for general statement of·the purpose and nature of the proceedings.

At the time of that appeal the bill had been amended as of date, October 7, 1936, by making W. P. Mills and Arlis Mills parties defendant, in response to a statement in paragraph nine of the answer of the defendants Foster, disclaiming any interest in the property misdescribed in the mortgage, in respect to which the reformation was sought, and alleging that said defendants Foster had by deed conveyed said property to the said Mills.

Thereafter, all the defendants joined in an answer to the bill as amended, disclaiming ownership of the property and alleging that the said defendants, W. P. Mills and Arlis Mills, before they were made parties and without notice, conveyed said property to Marshall Mills, "and to the best of their knowledge and belief said Marshall Mills is at this time [the time of filing said answer] the holder of the legal title in and to said land."

Thereupon complainant amended the bill bringing in the said Marshall Mills as a party defendant, who likewise disclaimed ownership, and alleging that before he was made a party, he "without notice sold and conveyed the land to one C. A. Rice."

Rice answered, disclaiming· ownership, alleging that he "had not acquired title [to said land] from one Marshall Mills or any one else."

On submission for final decree, the circuit court granted relief to the complainant, and dismissed the cross-bill of the defendant M. C. Foster, and from that decree the defendants, T. C. Foster, M. C. Foster, R. D. Foster, W. P. Mills, Arlis Mills and

**674**

Marshall Mills, have appealed, and have here submitted without severance in the assignments of error.

 All of the appellants, except Marshall Mills, testified that they had disposed of their entire interest in said lands as alleged in their said answers. Taking that testimony as reflecting the truth, the rights of appellants Foster, W. P. Mills and Arlis Mills, are not affected by the decree. If Marshall Mills, contrary to the averments of his answer, still owned the land, he can take nothing here by his joint assignments of error with the other appellants, whose rights are not affected by the decree. Killian v. Cox, 132 Ala. 664, 32 So. 738; Moore et al. v. Welden, 225 Ala. 458, 143 So. 831.

On the other hand if he parted with his interest in the property to the defendant Rice, who has not appealed, he has no ground to complain.

It will be noted that none of the defendants set up in their own right the defense of a bona fide purchaser for value without notice, but their respective grantors allege that before the filing of the bill, or before such grantor was made a party, they parted with their respective titles, without notice. This does not meet the requirement of the rules of good pleading "that the defense of bona fide purchaser for value without notice is defensive matter that must be set up by way of plea or answer," by the person who relies on such defense to protect his interest. Kelley et al. v. Chandler, 184 Ala. 358, 63 So. 941. And when so pleaded, the burden is on the defendant to show purchase and payment, and this shown, the burden of going forward shifts to his adversary to show notice. Reeder v. Cox, 218 Ala. 182, 118 So. 338; Hatter et al. v. Quina et al., 216 Ala. 225, 113 So. 47; Ely v. Pace et al., 139 Ala. 293, 35 So. 877.

Our conclusion however is, that if this defense had been well pleaded, that the evidence wholly fails to sustain such defense. The defendants' testimony affords inferences that clearly go to show an attempt to fabricate a defense, by colorable transfers of the property to defeat the complainant's mortgage, and prevent a reformation thereof.

The evidence clearly shows the mistake of the scrivener and that the complainant intended to take a mortgage on the lands owned by the mortgagors, and that said mortgagors intended to give such mortgage.

The burden was on M. C. Foster to show that she was but the surety of her husband; that no part of the debt was her debt. We concur in the conclusion expressed in the decree that she failed to carry that burden. The allegation of the cross-bill as to M. C. Foster's incompetency to execute the mortgage is not sustained by the proof.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.