34 So.2d 472

### ZELL v. UMPHREY.

3 Div. 477.

Supreme Court of Alabama.

Jan. 15, 1948.

Kohn & Stewart, of Montgomery, for appellee.

**BROWN, Justice.**

Action on the case by appellee, a teen-age girl, against appellant for damages resulting from personal injuries received by plaintiff in a collision between the defendant's car and the car in which the plaintiff was riding.

Count a of the complaint thus catalogues plaintiff's injuries: "She was made sore and suck (sick); her jaw was injured and hurt; her teeth were broken and knocked loose; she was made to suffer mental pain and anguish; and she was permanently injured, * * *."

Count b avers that plaintiff received personal and permanent injuries in this: "She was made sore and sick; her jaw was injured and hurt; her teeth were broken and knocked loose; she was made to suffer mental pain and anguish; and she was permanently injured, * * *."

The case was tried on said counts and the plea of the general issue interposed by the defendant and plaintiff offered substantial evidence tending to support the averments of said counts. The trial resulted in a verdict for the plaintiff assessing her damages at $6,000 followed by motion for new trial which was overruled. A judgment on the verdict was afterwards entered.

Some of the assignments of error challenged rulings made by the court in admitting evidence given by Dr. Smith, who personally attended and treated the plaintiff and who qualified as an expert in oral surgery, as to the "probable" result of the injury to plaintiff's jaw and the "possible" effect of the injury to the eye (tooth) and other teeth on the hypothesis "if those teeth have injured nerves." The substance of the answers of the witness, giving his opinion, is that plaintiff would have abscesses around the teeth if the nerves in the teeth were injured and "it is possible that the bone may be diseased with it." That it "is hard to say" whether or not there would ever be a loss of any part of the jaw and that "there could be". After this testimony was given by the witness in response to questions asked by plaintiff's counsel, the defendant's counsel made the following objection.

"We object to the testimony of what is possible, because we think that the doctor must say with some degree of certainty, not just possibly, and we move to exclude the testimony as to what might possibly happen." The court observed:

"I overrule that; he is an expert witness; a doctor can't tell; God is the only one that can tell; go ahead." The defense excepted. The witness answered:

"Based on my professional ability, I firmly believe that within the future there will be trouble in the jaw, not from the point of view of the way those teeth go together, they are going down, but we know how delicate these inner structures are, the tissues from the nerve, even in a robust tooth, how much I can't tell, it is all very interesting; you get too many shadows in many pictures to tell definitely. Only time will tell, for nature repairs. Now, she is, the young lady is now all right, it might be repaired so as to be forgotten for a number of years together, or months together, but she will start having trouble in that jaw. I can't tell how much trouble."

What was said in Armour & Co. et al. v. Cartledge, 234 Ala. 644, 648, 176 So. 334, 338, cited by both parties, is here pertinent: "It will be noticed that the problem is the present evaluation in money of this condition, existing after the accident. A possibility of certain results would not show as much present compensable condition as a probability or other more certain consequence. But such possibility would shed some light on the question of more or less value as explained by the expert. Not that plaintiff can recover for such possible consequences, and the charges were not so framed. But the evidence is admissible to shed light on the value of a condition then existing. The jury will take that along with the other evidence in justly appraising that condition."

 The appellant also complains of the quoted remark by the trial judge. If this be regarded as in disparagement of the probative force of the testimony as beyond the ability of the witness to opine, it only affected the interest of the plaintiff, and God was not subject to interrogation. We are of opinion, therefore, that the question of the extent of the injury and damage was properly left to the wisdom of the jury to be determined in the light of all the testimony in the case. The ruling of the court was not affected with error. Any possible injury to defendant's case was removed by the following instructions given at the defendant's request.

"I charge you that if you should find for the plaintiff you should not include any damages that are not susceptible of ascertainment with a reasonable degree of certainty or are uncertain or speculative * * *.

"I charge you that if you do not believe from the evidence that there is a reasonable certainty of a permanent injury you should not find anything for permanent injury. * * *

"I charge you that the plaintiff should not recover prospective damages or damages to arise in the future which the injury (jury) do not believe from the evidence will actually result or are not reasonably certain that they will result."

The only other error insisted upon relates to denying the motion for new trial on the ground that the verdict is excessive. After due consideration in the light of the evidence and the fact that plaintiff testified in the case, where both the judge and the jury had opportunity to observe the condition of her face and mouth, and in the light of the testimony of the qualified medical witnesses showing that some of the bone structure in the mouth was fractured and the jawbone jammed in its socket, we are not able to affirm that the great weight of the evidence is against the verdict or that it is excessive. Therefore, we cannot affirm error in the court's rulings on the motion for new trial.

No error appearing on the record, the judgment is affirmed.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.