84 So.2d 646

### Steve COURINGTON et al.

### v.

### Brack KILGORE, as Administrator, et al.

### 6 Div. 930.

Supreme Court of Alabama.

Jan. 12, 1956.

Selman & Beaird, Jasper, for appellants.

Fite & Wilson, Jasper, for appellees.

SIMPSON, Justice.

This is an appeal from an interlocutory decree in equity overruling demurrer to the bill of complaint as amended. The bill sought a discovery, accounting and cancellation of a deed. The allegations to the stated end are sufficient to give the bill equity.

The demurrer was to the bill as a whole and since the bill contains equity the demurrer was properly overruled. Smith v. Smith, 251 Ala. 694, 39 So.2d 230; Wells v. Wells, 250 Ala. 106, 33 So.2d 466; Wells v. Wells, 249 Ala. 649, 32 So.2d 697. Since the bill is sufficient in its allegations of fact to make a case for equitable relief, it is not subject to the general demurrer even though the right be defectively pleaded, the defective pleading being considered as amended on consideration of such demurrer. Wells v. Wells, supra, 250 Ala. 107, 30 So.2d 466, and cases cited.

So as to avert trouble later, we think it proper to point out that there is a

nonjoinder of parties. The parties in interest of the estate of Brack Odom, deceased, under his will seem to be the next of kin of said Brack Odom and the next of kin of his wife, Mollie Odom, also deceased. Only the next of kin of Brack Odom are made parties to the suit. The well established rule is that all persons having a material interest in the litigation or who are legally or beneficially interested in the subject matter of the suit and whose rights or interests are sought to be concluded thereby are necessary parties. Leigeber v. Scott, 263 Ala. 507, 83 So.2d 246, and cases cited; Winn v. Fitzwater, 151 Ala. 171, 44 So. 97.

Of course, on appeal from an interlocutory decree sustaining or overruling a general demurrer, this court will not consider nonjoinder of parties unless the point is made a specific ground of demurrer. Singo v. Brainard, 173 Ala. 64, 55 So. 603; Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2; Hogan v. Bailey, 234 Ala. 64, 173 So. 605; Burt v. Brandon, 230 Ala. 85, 159 So. 691.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.