# Knight *et al.* v. Knight.

### *Bill in Equity to enforce a Vendor's Lien.*

1. *Bill to enforce vendor's lien; when maintainable by transferee from heirs of deceased vendor.*—A transferee of a promissory note, given for the purchase money of land, deriving title only through a transfer made by the distributees of a deceased vendor, can not maintain a bill to enforce a lien on the lands for the payment of the said purchase money note, without averment and proof that there was no administration of the estate of the vendor, and no debts outstanding against him

2. *Same; such bill should aver domicil of vendor at death, and the relationship of the distributees*—Such bill should aver facts showing the domicil of the vendor at the time of his death, and the relationship to the decedent of the persons alleged to be heirs and distributees, through whom the complainant claims to have obtained the purchase money note by transfer.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on June 15, 1891, by A. R. Knight against Comer W. Knight and Nancy McQueen. As originally filed, the bill averred that on January 27, 1883, John A. Knight, who owned a one-sixth undivided interest in a certain tract of land, sold his said interest to Comer W. Knight, for the sum of $1,250, for which amount the said Comer W. Knight executed, on that day, his promissory note, reciting therein that it was for the purchase money of the lands above referred to ; that subsequently the said C. W. Knight sold a portion of the lands so purchased from John A. Knight to one Nancy McQueen. The original bill further averred that the said note came into the hands of the complainant by delivery, for a valuable consideration, and that he was the *bona fide* holder of said note, and that there was still due thereon $642. The prayer of the bill was for the enforcement of a vendor's lien to compel the payment of said note. To this bill the respondents demurred. The chancellor sustained their demurrer, and the complainant amended his bill by the additional averments :

"that in and by the execution and delivery of said note, the said Comer W. Knight made and established a vendor's lien to said J. A. Knight on said lands, to the extent of his interest therein, and that said vendor's lien is still valid and binding for the satisfaction of said note; that in the year 1889 said J. A. Knight died, holding, at the time of his death, the aforesaid note, still due and unpaid, and that afterwards, in the distribution of the estate of said J. A. Knight, the same being solvent, and all the heirs and distributees being of full age, the note aforesaid became the property, and went into the possession of the legal heirs of said estate, and was by them transferred by delivery and for a valuable consideration," to the complainant.

The respondents demurred to the bill, as amended, on the following grounds : 1st. That it contained no equity. 2d. That it is shown by the bill that the administrator of the estate of said J. A. Knight was a necessary party to said bill. 3d. That the bill as amended, no where shows whether the said J. A. Knight died in the State of Alabama or elsewhere. 4th. That said bill fails to show who are the holders of the legal title to the note under which the complainant seeks to establish a vendor's lien; and that the holders of said legal title are necessary parties. 5th. That the heirs and distributees of J. A. Knight are not made parties to the bill. 6th. It is not shown by the bill whether J. A. Knight left surviving him a widow and children.

On the submission of the cause upon these several grounds of demurrer, the chancellor overruled each of them. The respondents bring this appeal, and assign as error this decree of the chancellor.

GAMBLE & POWELL, for appellants, cited, *Davis v. Smith*, 88 Ala. 596 ; *Broughton v. Mitchell*, 64 Ala. 210 ; *Owen v. Bankhead*, 76 Ala. 143 ; *Liles v. Ratchford*, 88 Ala. 397, *Hopkins v. Miller*, 92 Ala. 513.

No counsel marked as appearing for appellee.

HEAD, J.—On January 27th, 1883, J. A. Knight, owning one-sixth interest in the lands described in the bill, sold and conveyed the same to the defendant, Comer W. Knight, who executed to the vendor his promissory

note for $1,250, for a balance unpaid of the purchase money. Afterwards, Comer W. Knight sold his interest, so acquired, in a portion of the lands, to the defendant, Nancy McQueen. J. A. Knight thus held the vendor's lien on the lands for the security of the purchase money note. Afterwards, he died, still owning the note, of which $642 remained unpaid; and the bill avers that "afterwards, in the distribution of the estate of said J. A. Knight, the same being solvent, and all the heirs and distributees being of full age, the note aforesaid became the property, and went into the possession, of the legal heirs to the same entitled, and was by them transferred by delivery, and for a valuable consideration, to your orator." It is by virtue of the right to the note thus acquired by the complainant, that he claims ownership thereof and the right to maintain this bill to enforce the lien of a vendor on the lands. His ownership and right so to sue are questioned by demurrer to the bill. It will be observed that it is not averred that the estate of J. A. Knight owed no debts, nor that the debts, if any, had been paid; nor that the distribution, by which the note went into the hands of the distributees, was made by the administrator, in the course of administration. It must be taken, therefore, that there were debts which the note in question was needed to pay, and that the administrator was entitled to it, for that and other lawful purposes of administration, whenever he might see proper to demand it. This being so, the distributees were without immediate right to it, and could confer none on the complainant. If the bill had averred that there was no administrator and no debts, or that the distribution to the distributees, by which they acquired the note, was made by the administrator, in course of administration, the case would have been different. In the former case, the distributees could lawfully have divided the estate among themselves (*Carter v. Owens*, 41 Ala. 217) ; in the latter, they would have acquired the right to the note from the administrator himself. In either case, their transfer of the note, by delivery, to complainant, would have passed to him the beneficial ownership entitling him to sue in equity to enforce the vendor's lien.—Code, § 2764. But a transfer, by delivery merely, would pass only the beneficial ownership, the legal title still remaining in the transferrer; and the general rule is, that the transferee, in

such a case, suing in equity to enforce the note, or rights growing out of it, must make the holder of the legal title a party. We have applied this rule to suits for the enforcement of vendors' liens.—*Broughton v. Mitchell,* 64 Ala. 210 ; *Davis v. Smith,* 88 Ala. 596. With his consent, he may be joined, as complainant, with the transferee, or, at the election of the latter, be made a party defendant.—*Davis v. Smith, supra.* Our decisions have established a virtual exception to this rule, which is, as above indicated, that when the estate of a decedent owes no debts and has no administrator, the distributees may sue for reduction to possession and distribution among themselves of the personal assets of the estate, without having an administrator appointed and bringing him before the court.—*Fretwell v. McLemore,* 52 Ala. 125 ; *Baines v. Barnes,* 64 Ala. 375, and other cases. Though none but the personal representative can, technically, be the legal owner of the personal assets of a deceased person, prior to distribution or transfer made by him, yet if there is no personal representative, and no necessity for one ; if his appointment would be a useless formality, having no other office than to make distribution, the law dispenses with his intervention ; treats the beneficiaries as being clothed with his rights and powers, and confers upon them his remedies to reduce the assets to possession. In other words, it, substantially, regards them in such case, as the legal, as well as beneficial, owners of the assets. We think, therefore, pursuing this well recognized exception to its logical conclusion, that if there is no administrator and no debts, and the distributees take possession of the assets, as owners, for distribution among themselves, they will be regarded as the legal owners, and they alone need be brought before the court, as the representatives of the legal title, in a suit in equity by their transferee of a note, by delivery. It would not be necessary to procure the appointment of an administrator, and bring him before the court.

The bill is not well drawn in other respects. It abounds in conclusions where facts ought to be averred. For instance, it fails to show the domicil of J. A. Knight at the time of his death, so that it may be known by the laws of what State the distribution of the estate is governed ; nor does it show the relationship of the persons alleged to be distributees to the deceased ; but these aver-

ments are attempted to be supplied by the conclusions of the pleader that the persons from whom complainant claims were the distributees lawfully entitled to the estate. The demurrers were well taken and an order will be here rendered, reversing the decretal order of the chancellor, and sustaining the demurrers to the bill. The complainant may amend within thirty days, with authority in the chancery court, to extend the time on sufficient showing.

Reversed, rendered and remanded.