# Harris *v.* Johnson

*Specific Performance.*

(Decided April 18, 1912.  58 South. 426.)

1. *Appeal and Error; Review; Judgment to Support.*—Where decree was rendered for respondent ordering a reference to ascertain the amount due, on August 12, and a second decree confirming the register's report and ordering a sale, was rendered November 11, any error in the decree of August 12, will be reviewed on an appeal from the latter decree, notwithstanding the decree of August 12, was a final decree, since the time for appeal from that decree had not expired when the appeal was taken.

2. *Specific Performance; Parties; Heirs and Devisees.*—In a bill for specific performance against a vendor's executor where the heirs and devisees are not made parties and it does not appear who they are or what disposition is made of the property by the will, and no fact is alleged, excusing the court in proceeding to a disposition of the legal title in their absence, and they are not made parties to the cross bill, the bill and cross bill should be dismissed without prejudice, or the cause should be passed for amendment; and this order will be entered when these conditions appear of record, although no notice of the deficiency was taken in the lower court.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by B. D. W. Harris as administrator against A. J. Brummitt, as executor, revived in the name of R. L. Johnson, administrator cum testamento annexo for specific performance. From a decree for respondent on the cross bill, complainant appeals. Reversed and remanded.

FRANK W. LULL, for appellant. Counsel discusses the finding of the register and the chancellor, and insist that the same were erroneous, and that the finding should be reversed, but cites no authority in support of his contention.

LACKEY & BRIDGES, and JAMES W. STROTHER, for appellee. A former final decree from which no appeal is taken cannot be reviewed upon an appeal from a later decision.—*U. S. S. & L. Co. v. Leftwich*, 132 Ala. 131; *Alexander v. Bates*, 127 Ala. 328; *Etowah M. Co. v. Wills V. M. & M. Co.*, 121 Ala. 672. The complainant was not entitled to have the value of his services rendered to decedent credited upon balance due on his land. Under the evidence attempted to be produced in support of this claim, there would have been a variance from the case made by the allegations of the bill, and in proceedings for specific performance great strictness is required in proof of the contract.—*Johnston v. Jones*, 85 Ala. 286; *McDonald v. Walker*, 95 Ala. 172; *Westbrook v. Hayes*, 137 Ala. 572. There was no payment under the evidence.—*Smith v. Pitts*, 52 South. 402; *Cotton v. Scott*, 97 Ala. 444; *Altman v. Gamble*, 88 Ala. 424. The averments of the bill raise the presumption that the estate is solvent.—*Caldwell v. Caldwell*, 52 South. 323; *Knight v. Drane*, 77 Ala. 371.

SAYRE, J.—This bill was filed by J. W. Harris against A. J. Brummit as executor of the last will and

[Harris v. Johnson.]

testament of W. A. Brummit, deceased; its prayer being for the specific performance of a contract entered into by complainant and defendant's testator, by which testator agreed to convey to complainant a certain tract of land upon the payment of an agreed purchase price. Payments were to be distributed over a number of years, pending which testator died. Complainant conceded a balance due, but averred a tender, and offered to pay same as a condition of relief. Defendant denied that complainant was entitled to specific performance on the ground that payments to be made under the contract were still in arrear, and that the amount tendered was not equal to the balance due. He also made his answer a cross-bill asking that the true balance be declared an equitable lien and the property sold for its satisfaction. Pending the hearing complainant died, and the original defendant was removed from his executorship. Revivor was had in the name of complainant's administrator against decedent's administrator de bonis non com testamento annexo. What disposition, if any, the will made of the property does not appear.

On August 12, 1910, a decree was rendered, on submission for final decree on pleading and proof, dismissing the original bill, decreeing cross-complainant's right to relief, and ordering a reference to ascertain the amount due on the purchase price of the land. November 11, 1910, a decree was rendered overruling exceptions to the register's report, confirming the report, and ordering a sale of the land. The appeal bond, taken and approved May 11, 1911, recites an appeal from a decree rendered at the November term, 1910, of the chancery court. The register's certificates shows an appeal from the "decree in said cause." On this state of the record appellee construes the appeal as taken from the decree of November 11, 1910, contends that the de-

cree of August, 1910, was the final decree in the cause, and that on this appeal the decree of August, 1910, cannot be reviewed. The decree of August was a final decree and would have supported an appeal.—*Garry v. Jenkins,* 109 Ala. 471, 20 South. 8. But the decree of sale was also final and will support an appeal, and on such appeal the court will review any error committed in the rendition of the previous decree, appeal from which had not been barred at the time of the appeal taken. It is better that causes be so reviewed, for so this court is not required to revise litigated cases by piecemeal.—*Ex parte Elyton Land Company,* 104 Ala. 88, 15 South. 939.

It is evident that any decree rendered under either the original or cross bill must dispose of the legal title to the land in question—the title of cross-complainant's decedent which at his death devolved upon his heirs or devisees. But neither heirs nor devisees of the deceased owner are made parties to the bill, nor is the court informed as to who they are, nor is any fact averred which would excuse the court in proceeding to a disposition of the legal title in their absence.—*Winn v. Fitzwater,* 151 Ala. 171, 44 South. 97; *Perkins v. Brierfield Co.,* 77 Ala. 403; *Smith v. Murphy,* 58 Ala. 630. Under these conditions, appearing on the face of the record, though no notice was taken in the court below of the deficiencies of the original and cross bills, they must be properly dismissed without prejudice, or the cause may be ordered to stand over for amendment.—*Watson v. Oates,* 58 Ala. 647; *Bell v. Hall,* 76 Ala. 546; *Russell v. Bell,* 160 Ala. 480, 49 South. 314.

Accordingly, the decree on both the original and cross bills will be reversed, and the cause remanded for such order as may seem to the chancellor meet and proper.

Reversed and remanded. All the Justices concur.