# Lessley v. Pond.

### Bill to Enforce Vendor's Lien.

(Decided April 26, 1917.   75 South. 298.)

1. **Work and Labor; Boarding Parent; Recovery in Absence of Express Contract.**—A child cannot recover for board of a parent in the absence of express contract.

2. **Vendor and Purchaser; Vendor's Lien; Enforcement; Necessary Parties.**—If the purchaser has parted with legal title, the person in whom it resides at the time of the filing of the bill to enforce the vendor's lien is a necessary party.

APPEAL from Coosa Chancery Court.
Heard before Hon. W. W. WHITESIDE.
Bill by Henry W. Pond as administrator against W. T. Lessley to enforce a vendor's lien. Decree for complainant and respondent appeals. Reversed and remanded.

FELIX L. SMITH for appellant.   S. J. DARBY for appellee.

GARDNER, J.—This bill is filed by one Pond, administrator of the estate of R. A. Lessley, deceased, against the respondent, W. T. Lessley, for the purpose of enforcing a vendor's lien upon an undivided one-half interest in certain lands described therein, situated in Coosa county, Ala., conveyed by the deceased February 28, 1907, to the respondent by warranty deed, which recited the payment of the consideration of $1,050 to the grantor by the grantee.

(1) The respondent was a son of deceased, and set up, among other things, in his answer, that his father resided in his house for a number of years, and sought to charge board therefor, and have such claim by cross-bill allowed as a set-off against the sum alleged to be due for the real estate here involved. No special contract was shown, and this feature of the case comes clearly under the well-recognized rule of law announced in *Borum v. Bell*, 132 Ala. 85, 31 South. 454. A decree was rendered in which it was ascertained that the amount due as purchase money was the consideration expressed in the deed, with interest thereon, and establishing a lien on the lands described for the payment of same, and ordering that a sale of the lands be had by the register, unless the amount is paid within the time allowed

by the court.    We deem it not inappropriate to state that under the evidence here disclosed no fault is found with the conclusion of the chancellor as to the amount due by this respondent.    In the decree it is also directed that the "register shall issue all such processes of this court as may be necessary to put the purchasers in possession of said real estate, as against any of the parties to this suit."

In this amended answer the respondent set forth the following averments:

"And this respondent says and avers:    That long before the filing of this bill he sold and conveyed by warranty deed of conveyance all of the lands so purchased by him from said R. A. Lessley for a valuable consideration, and for full value, for cash, and he is not at present, and was not at the filing of the original bill in this case, in possession of any of the lands so purchased by him from said R. A. Lessley, nor does he own or claim to own or have any interest in or control over said lands, nor did he at the time of the commencement of this suit.    That the respondent sold and conveyed a part of said lands to W. B. Lessley, a part to J. P. Atkinson, and a part to G. T. Calfee, and a part to G. T. Samford, all of whom are now in the actual possession of said lands, or have conveyed to subsequent purchasers."

(2) The testimony of respondent is in substantial support of these averments and is without any conflict whatever.    It is here insisted, therefore, by counsel for appellant, that the court should not have proceeded to a decree ordering the sale of the land when the answer and the evidence both disclose that the legal title resided in other parties, who purchased same for full value, receiving warranty deeds, and who were placed in possession, all prior to the filing of the bill in this case.    In *Johnston v. Smith,* 70 Ala. 108, is the following expression:    "It is a familiar maxim that courts of equity never undertake to 'do justice by halves,' and its powers are therefore always promptly exerted to remove every impediment to the enforcement of a lien, especially in cases where such impediment, or obstacle, constitutes a cloud upon the title of real estate."

And in *Clements v. Motley,* 120 Ala. 575, 24 South. 947, speaking to the question of the enforcement of a vendor's lien, the court said:    "The averments of a bill to declare and enforce a vendor's lien should clearly show in whom the legal and equitable title to the lands is vested, and make parties all persons in

whom such title is vested. If the legal title has been divested out of the vendor, the person in whom it is vested or in whom it resides at the time of the filing of the bill is a necessary party, and if the averments of the bill are such that it does not appear in whom the title resides, the bill is demurrable. In the absence of the parties owning the legal and equitable title, the court has no jurisdiction to order the sale of the land."

We take also the following quotation from *McCully v. Chapman,* 58 Ala. 325: "We hold the devisees, if the lands were devised, or the heirs, if they descended, are indispensable parties, without whom no decree can be rendered, which can be safely performed, or which will finally quiet litigation. While the general rule is the want of parties should be insisted on by demurrer, or in the answer, yet the rule in this state has been to restrict the application of the general rule, to formal parties. The omission of an indispensable party is a defect that will reverse the decree on error, though objection has not been made in the court of chancery."

A question of like character was presented in the more recent case of *Harris v. Johnson,* 176 Ala. 445, 58 South. 426, and the holding there was in accord with the above-stated authorities. See, also, *Russell v. Bell,* 160 Ala. 480, 49 South. 314; *Gardner v. Kelso,* 80 Ala. 497, 2 South. 680; *Winn v. Fitzwater,* 151 Ala. 171, 44 South. 97; *Bogan v. Hamilton,* 90 Ala. 454, 8 South. 186; *Broughton v. Mitchell,* 64 Ala. 210; *Harwell v. Lehman, Durr & Co.,* 72 Ala. 344.

It is quite clear that the sale of the land here would not at all quiet litigation, but would result in the trial of the questions involved as to the title by piecemeal. Whether or not the purchasers from respondent were entitled to protection as innocent purchasers is a matter which should have been determined in this litigation, involving, as it does, the transfer of realty under the sanction of the court. We are therefore of the opinion that the chancellor should either have dismissed the bill without prejudice or else order the case to stand over for amendment, that these necessary parties might be brought in.

The decree will be reversed, and the cause will be remanded, so that the bill may be amended as to bring in these necessary parties respondent, if so desired.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.