(84 South. 809)

**MORRIS v. SOUTHERN REALTY & CONSTRUCTION CO. et al.   (6 Div. 943.)**

(Supreme Court of Alabama. Jan. 15, 1920.)·

1. TRUSTS ⬤⇒359(2)—EQUITY WILL ENFORCE TRUSTS.

Equity will enforce a trust and distribute it to the respective equitable owners.

2. EQUITY ⬤⇒107—ALL PERSONS INTERESTED IN FUND PROPERLY MADE DEFENDANTS IN CONTROVERSY AS TO RIGHT TO CERTAIN PORTION.

Where plaintiff, who held a chattel mortgage on property in the hands of a realty company for purpose of sale, placed the mortgage with a bank to secure a loan, and the property was sold and a certified check of another bank was given by the purchaser to plaintiff, who intended to place it with the first bank, with instructions to pay itself and place the balance to his credit, and the realty company notified such bank not to pay the balance to plaintiff, and plaintiff declined to surrender the check, in a suit by plaintiff for an adjustment of the claims of the different parties, both the banks and the realty company were properly made parties defendant.

Appeal from Circuit Court, Jefferson County; Lum Duke, Judge.

Bill by E. A. Morris against the Southern Realty & Construction Company and others. From a decree sustaining demurrers to the bill, the complainant appeals. Reversed and remanded.

The case made by the bill is that the Southern Realty & Construction Company had charge of certain machinery for the purpose of disposing thereof, and that one Charles Lehman held a mortgage on it. Having an opportunity to sell a part of the machinery, the Southern Realty & Construction·Company applied to Lehman for a release to that portion from his mortgage.' Lehman declined to release any part of the machinery until his mortgage debt was paid, whereupon the Southern Realty & Construction Company applied to Morris to buy the Lehman mortgage, with the agreement that after the mortgage debt and the expenses were paid Morris and the Southern Realty & Construction Company would share equally the profits. Morris bought the Lehman mortgage with money borrowed from the Bank of Ensley, executing a demand note therefor and putting up the Lehman mortgage as collateral security. Later the machinery was sold, but the purchaser would not pay for the same until all liens were cleared, and the Bank of Ensley delivered the Lehman mortgage to Morris to be turned over to the purchaser upon receipt of the certified check. The check for $11,000 was given on and certified by the American Trust & Savings Bank to Morris, the Southern Realty & Construction Company having received a check for $7,000, the other

part of the purchase price. Morris took the certified check to the Bank of Ensley, with instructions to it to pay itself the $5,000 with accrued interest, and to place the balance to the credit of Morris. In the meantime the Southern Realty & Construction Company notified the Bank of Ensley not to pay the balance to Morris, but place it to the credit of the Southern Realty & Construction Company. Learning of this, Morris declined to surrender the check, but retained it and filed this bill for the proper adjustment of the claims of all parties.

W. H. Smith, M. L. Ward, and Haley & Haley, all of Birmingham, for appellant. The parties respondent were properly joined. 73 Ala. 408; 64 Ala. 220; 15 A. & E. Ency. P. & P. pp. 75, 584, and 797; 1 Pomeroy, § 114; Story's Eq. § 73. Equity will enforce a partial assignment of debt. 64 Ala. 220; 2 Ency. of Law, 1070; Bishop on Contracts, § 1194; 8 Corp. Jur. 809.

Weatherly, Deedmeyer & Birch and Thomas J. Judge, all of Birmingham, for appellee. Counsel discuss assignments of error, but without citation of authority.

THOMAS, J. The bill avers facts showing that the American Trust & Savings Bank is in possession of a $11,000 trust fund in which the Bank of Ensley has an interest of about $5,000, as the holder of a mortgage on property sold, and from which the $11,000 was obtained, and that the amount in excess of the latter bank's equity is claimed by complainant and the respondent Southern Realty & Construction Company. All parties at interest are properly before the court (Perkins, Livingston & Post v. B. I. & C. Co., 77 Ala. 403, 408; Harris v. Johnson, 176 Ala. 445, 58 South. 426; Winn v. Fitzwater, 151 Ala. 171, 44 South. 97; 1 Pom. Eq. [3d Ed.] § 114; 15 Ency. Pl. & Pr. p. 584; Sims' Ch. Pr. §§ 139, 140) that complete relief may be given by the final decree (Hicks v. Meadows, 193 Ala. 246, 255, 69 South. 432; 1 Story Eq., § 105).

[1, 2] Equity will enforce a trust and distribute it to the respective equitable owners. Evans v. Evans, 200 Ala. 329, 76 South. 95, 101; 22 Encyc. Pl. & Pr. p. 135. All claimants of the fund may be made parties, though some of them may not be willing to become parties or may question complainant's interest in the proceeds of the check indorsed by them or in the chose in action alleged to be assigned, or in the property sold and converted into the trust moneys in question. Howard v. Corey, 126 Ala. 283, 289, 28 South. 682; Broughton v. Mitchell, 64 Ala. 210, 220; Davis v. Smith, 88 Ala. 596, 598, 7 South. 159; Knight v. Knight, 103 Ala. 484, 487, 15 South. 834.

Though the Bank of Ensley may rightfully decline to credit on its bank books the fund in question, and thereafter litigate with respective claimants their right thereto, yet it is here properly made a party respondent, so that the interest of all parties in the trust fund may be determined and a proper distribution thereof made by the court, and that the American Trust & Savings Bank may rightfully disburse such trust fund to the several parties so ascertained and decreed as having equities therein.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.