157 So. 887

WILLIAMS, Superintendent of Banks, v. YATES et al.

5 Div. 183.

Supreme Court of Alabama.

Nov. 30, 1934.

Denson & Denson, of Opelika, and D. R. Boyd, of Roanoke, for appellant.

Young & Longshore, of Anniston, and H. T. Burns, of Wedowee, for appellees.

BROWN, Justice.

The bill, as last amended, is one by the pledgee of a mortgage and the note and debt secured thereby against the mortgagors and the personal representative of the pledgor, to reform the mortgage in respect to the description of the land and to foreclose the mortgage; also to reform the deed made by the pledgor to the mortgagors in the same respect. The debt represented by the note and secured by the mortgage was contracted in the purchase of the land by the mortgagors from the pledgor.

On final hearing on the pleadings and proof the court dismissed the bill.

The decree, after stating the effect of the evidence, concludes as follows:

"The question raised by the pleading is this: 'Can complainant maintain this suit?'

"There is no doubt in the mind of the Court that L. O. Yates could maintain it. Also R. M. Yates could have maintained it, for they were the parties to the contract, and all the evidence tends to show that it was R. M. Yates' intention to convey the Home Place, and L. O. Yates believed the Home Place was conveyed.

"Complainant insists that although the Bank was not a party to the original contract, nevertheless, by reason of the transfer of the note and mortgage to it by R. M. Yates, it stands in the shoes of R. M. Yates and is therefore a proper party to maintain suit for reformation.

"This Court is of the opinion that the position taken by complainant is unsound, for three reasons:

"First, there are no such apt words of conveyance in the assignment executed by R. M. Yates to the Bank, as are necessary to pass the legal title of said lands. In the view of the Court such assignment operated no further than the transfer to the Bank the right to exercise the power of sale under section 9010, Code 1923. The assignment transferred the legal title to the L. O. Yates' note, but did not transfer the title to the land described in the mortgage.

"Second, nowhere in the evidence does it appear that R. M. Yates made any representation to the Bank as to what particular land the mortgage conveyed. The evidence does show that R. M. Yates told the Bank officers that the mortgage was on some land he had sold to his son, and these officers testified that

they did not know to what particular land R. M. Yates referred, and that they did not ever read the description of the land as set forth in the mortgage. In the court's view of the testimony, this disposes of the contention that as between the Bank and R. M. Yates, mutuality of mistake existed. There could have been no mutuality of mistake on the part of the Bank for the Bank had no idea what land was conveyed, or what land was intended to be conveyed, and apparently made no effort to learn, until after the death of R. M. Yates.

"The Bank in this instance secured exactly that for which it bargained. And it is not easy to see how the Bank can complain of a mistake, for as to it there is no mistake. (See Goulding Fertilizer Co. v. Blanchard, 178 Ala. 298, 59 So. 485.)

"Third, with respect to the land known as the Home Place, the title never passed from R. M. Yates, and as the case now stands, the legal title to the Home Place is in the estate of R. M. Yates, deceased.

"To reform the L. O. Yates mortgage could not divest the title out of the estate of R. M. Yates for the title was never in L. O. Yates, and this is not a proceeding seeking to reform the deed of conveyance of R. M. Yates.

"These considerations move the Court to the conclusion that Complainant is not entitled to relief.

"It is therefore ordered, adjudged and decreed that said bill be and the same is hereby dismissed."

■■ We are not of opinion that the holding of the decree is supported by Goulding Fertilizer Co., et al. v. Blanchard, 178 Ala. 298, 59 So. 485, as to the complainant's right to maintain the bill. That decree was rendered on an appeal from a decree on demurrer to the bill by a purchaser at a mortgage foreclosure sale, which averred that the complainant in making the purchase relied on the description given in the mortgage, the advertisement, and auctioneer's deed without reference to some specific piece or tract of land otherwise properly described, and the holding was that the eighth ground of demurrer pointed out this defect in the bill and was due to be sustained.

In the instant case the averments of the bill and proof show that the complainant is in privity with and claims under the mortgagee, who pledged the mortgage as a security for his debt to the bank, the pledgee, and succeeded to all the rights and equities of the mortgagee to foreclose the mortgage and enforce the payment of the debt secured by the mortgage. Kelly v. Carmichael, 217 Ala. 534, 117 So. 67. This included the mortgagee's equity to seek reformation of the mortgage and the deed, so as to correctly describe what is termed in the pleadings, proof, and decree as the R. M. Yates "home place," specifically described in the bill, which R. M. Yates sold and intended to convey to the defendants L. O. Yates and R. J. Yates, but which through mutual mistake was erroneously described in both the deed and the mortgage. McGehee v. Lehman, Durr & Co., 65 Ala. 316. Therefore, the complainant, representing and holding the interest of the bank, was entitled to maintain the bill. McCaskill et al. v. Toole, 218 Ala. 523, 119 So. 214.

■■ The decree, however, points out the fact that the legal title to the "home place" is "in the estate of R. M. Yates"; to speak more correctly, in the heirs at law of said R. M. Yates, who were necessary parties to the bill. Winn et al. v. Fitzwater et al., 151 Ala. 171, 44 So. 97; Perkins, Livingston & Post v. Brierfield Iron & Coal Co., 77 Ala. 403; Smith et al. v. Murphy et al., 58 Ala. 630.

The widow of said R. M. Yates was a party to the deed, and she is a proper, if not a necessary, party.

The decree will be corrected so as to dismiss the bill without prejudice, and, as corrected, will be affirmed.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.