31 So.2d 351

## SCOTT v. McDONALD et al.

### 6 Div. 556.

Supreme Court of Alabama.

June 19, 1947.

Rehearing Denied July 31, 1947.

Griffith & Entrekin, of Cullman, for appellant.

Earney Bland, of Cullman, S. A. Lynne, of Decatur, Herman J. Stewart, of Cullman, and Wm. E. James and Phil Joiner, both of Birmingham, for appellees.

BROWN, Justice.

The original bill in this case was filed on August 14, 1937, by R. E. Scott as guardian of the estate of Virgil Scott, a non compos mentis, against Ocie McDonald et al., and after several amendments thereto took the form and substance of a statutory bill to quiet title to certain described real estate and as an incident thereto to cancel a conveyance made by said non compos mentis to J. W. King on January 13, 1928, and another deed alleged to have been executed by said non compos mentis on January 14, 1928, to correct an error in the description of the first deed and to cancel other subsequent conveyances to the grantees of said King. To that bill as amended, the circuit court, sitting in equity, on September 24, 1943, sustained demurrers of the respondents and from the decree an appeal was prosecuted to this court. See Scott v. Leigeber et al., 245 Ala. 583, 18 So.2d 275, 277. On that appeal it was observed of the allegations of the bill,

"That status leaves Ocie McDonald and wife as grantees of twenty acres, and Leigeber of sixty acres; with forty-three acres still in King. The bill does not allege whether complainant is in possession of the McDonald or Leigeber land, or the forty-three acres unsold by King. But that he is now in 'actual possession of a great portion of said land.'

"The bill should be more precise in its averment as to the possession of the land with description of that of which he has possession, so that the court can determine from its averments what he means by a great portion. It does not show that restitution or an adjustment under section 6822 (now Code of 1940, Title 9, § 41), supra, is necessary.

"The equity of the bill, if it has equity, is founded on a claim that the deed to King is void because of the grantor's insanity. To support its equity as framed, it is necessary that complainant be in possession of at least a substantial portion of it, so that ejectment will not lie to recover it. If that status is shown, equity will grant relief as to that portion thus in complainant's possession. But equity does not render justice by halves. It will be necessary to set aside the deed to King to grant relief as to that portion of it in possession of complainant. That will affect the rights and claims of the other respondents, and equity does not favor several suits to settle one question. The suit has one main purpose, to vacate

the deed. It is proper for all persons claiming under it to be made parties, although if separately considered a suit in ejectment might lie as to some of them. The grounds of demurrer are sufficient to justify the decree sustaining it on the theory that the allegations of complainant's possession are vague and uncertain, and that part of it is not in any respect described nor attempted to be.

"It is quite difficult to piece the bill and all its amendments to get a composite picture of the status of the record. Dates are omitted, alleged exhibits are omitted; instruments appear having no apparent relevancy; decrees on demurrers are set aside and new rulings made. The last decree sustaining the demurrer is well supported. It allows complainant to amend in twenty days. The amendment could be a substituted bill drawn with accuracy and precision so as to present the matter in clear perspective. Complainant will be allowed twenty days from the judgment of this Court to do so.

"The decree is affirmed, and complainant may amend in twenty days from this judgment, and if not, the trial court shall make such decree as necessary to dispose of the cause."

Pending said original bill an amendment was filed seeking to reform the deed made by the father and mother of the non compos mentis to him so as to make more perfect the description in the deed by inserting the section, township and range in which the land was located. This amendment was withdrawn and by another amendment the non compos mentis was made a party as suing by his guardian R. E. Scott. After the affirmance of the decree of the circuit court the complainant Virgil Scott, a non compos mentis, by his guardian R. E. Scott filed the substituted bill seeking to reform the deed executed on the 16th day of April, 1912, by J. T. Scott and M. J. Scott to their son V. G. Scott, the said non compos mentis.

The allegations of the substituted bill upon which its equity is rested is found in paragraphs 2 and 3.

"2. Complainant would further show to the Court that on April 16th, 1912, J. T. Scott and wife, M. J. Scott, complainant's father and mother, executed and delivered to him a warranty deed conveying to complainant approximately 123 acres of land, located in Cullman County, Alabama, on which they were living at the time as their homestead and so continued to reside until their deaths; and complainant avers that the said grantors did not own any other land in Cullman County, Alabama, or elsewhere at the time of the execution of said deed nor subsequently thereto. A copy of said deed is attached hereto marked Exhibit 'B' and made a part hereof. Complainant further avers that the consideration moving the said grantors, his father and mother, to execute said deed was their desire that complainant should have said land in fee for his support because of his said affliction and inability to earn his own living independent of aid from others.

"3. Complainant would show unto the Court that through mutual mistake and error of the grantors and grantee that the deed which is by reference made a part hereof in paragraph two above, the range, township and section numbers therein was omitted and the land was described therein as follows: 'The SE-¼ of the NW-¼ and the E-½ of the SW-¼ less twenty-two acres and the W-½ of the NW-¼ of the SE-¼ and five acres from west side of SW-¼ of SE-¼, containing one hundred and twenty-three acres more or less situated, lying and being in the County of Cullman and State of Alabama.' And the complainant avers that it was the intention of said grantors in said deed to convey to the complaint (complainant) Virgil or V. G. Scott, and his intention to accept the following described land by virtue of said deed of conveyance: 'The SE-¼ of the NW-¼ and the E-½ of the SW-¼ less twenty-two acres and the W-½ of the NW-¼ of the SE-¼ and five acres from west side of SW-¼ of SE-¼, all in Section 20, Township 11, range 3 West, containing one hundred and twenty-three acres, more or less, lying and being in the County of Cullman and State of Alabama.' Complainant avers that he is entitled to have said deed reformed by decree of this Court so as to make it conform to the intention of the parties and convey to complainant the land last described. * * *"

While the description of the land in the deed, unaided by extrinsic facts, is

affected with such uncertainty as would render it void, nevertheless it is permissible to make it certain by proof of the facts alleged in paragraph two quoted above. Karter v. East et al., 220 Ala. 511, 125 So. 655; East v. Karter, 215 Ala. 375, 110 So. 610. While the rule of evidence stated in the cited cases is applicable to an action of ejectment in a court of law, nevertheless only a court of equity can reform the deed so as to correct and perpetuate the complainant's muniment of title and have it entered of record on the record of the deed in the office of the judge of probate of the county in which the land is situated. Therefore, ejectment is not a complete and adequate remedy under the facts alleged in the bill, though the deed made by the father and mother to the non compos mentis aided by expressed facts, vested in him the legal title in the lands subject to their life estate. Under well-settled principles the substituted bill is not without equity. Stone, Trustee, v. Hale et al., 17 Ala. 557, 52 Am. Dec. 185; Whitmore v. Hay, 85 Wis. 240, 55 N.W. 708, 39 Am.St.Rep. 838; Code of 1940, Tit. 47, §§ 133, 135 and 136.

On principles declared by this court on the former appeal, the other matters are incidental to the main equity and the court having taken jurisdiction for that purpose will dispose of all questions necessary to protect complainant's interest in the property.

We are, therefore, of the opinion that the circuit court inadvertently overlooked the principles hereinabove stated and ruled on the substituted bill as one to quiet title and in doing so fell into error.

By the amendment made previous to the filing of the substituted bill the ward was added as a party complainant. Said amendment did not work an entire change of parties nor is the substituted bill subject to that objection. Ex parte Kelen, 223 Ala. 87, 134 So. 856; Rule 8, Equity Practice, Code of 1940, Tit. 7, p. 1047.

The circuit court ruled correctly on the last-mentioned question, but erred in sustaining the demurrer addressed to the bill as a whole questioning its equity. That decree is reversed and one here rendered overruling the demurrer and remanding the cause for further proceedings.

Reversed, rendered and remanded.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.