83 So.2d 246

**J. A. LEIGEBER et al.,**

v.

**Virgil SCOTT.**

**6 Div. 823.**

Supreme Court of Alabama.

Nov. 3, 1955.

Bland & Bland, Cullman, for appellants.

H. A. Entrekin and John H. Chapman, Cullman, for appellee.

SIMPSON, Justice.

This is an appeal from a final decree of the circuit court in equity on the merits. Two previous appeals have considered questions of pleading. Scott v. Leigeber, 245 Ala. 583, 18 So.2d 275; Scott v. Mc-Donald, 249 Ala. 464, 31 So.2d 351.

On the last appeal, McDonald, supra, the substituted bill on which the case was instantly tried on its merits was interpreted to be one seeking a reformation of a deed in which Virgil Scott, complainant, was grantee and the further relief of the cancellation of two deeds dated January 13 and 14, 1928, wherein he conveyed the property to one King. The substituted bill was brought in Scott's name by his guardian. Right to reformation is grounded on mutual mistake and that of cancellation on the insanity of said grantor Scott. The suit is against those now in possession of the land as subvendees of Scott's grantee, King, and

whose titles are based on the deeds made by Scott to King dated the 13th and 14th of January, 1928.

At the outset we are met with the contention that necessary parties are not before the court. As pointed out in Scott v. McDonald, supra, the equity of the bill lies in the mutual mistake and error of the grantors (complainant's parents) and grantee (Virgil Scott) in the description of the property in the deed by his parents to him and the right of reformation of their deed to him on the stated facts. From the record on appeal in Scott v. McDonald, supra, it is made clear that the question of the absence of necessary parties was not then considered by the court.

■ Since a reformation affects title, O'Rear v. O'Rear, 219 Ala. 419, 122 So. 645, it appears to us that the conflicting interests presented by such an issue are those of the grantee, Virgil Scott (complainant), on the one hand and the parents, the grantors, or if not living, the heirs at law, on the other. The record discloses that the parents were deceased when the litigation originated, and that none of their heirs are made parties to the suit, nor is there any explanation as to their nonjoinder.

■ The rule is that all persons whose interests in the subject matter, legal or equitable, will be immediately or consequentially affected by the decree are necessary parties in a suit for reformation of an instrument. 76 C.J.S., Reformation of Instruments, § 70, p. 422.

Stated another way, in Winn v. Fitzwater, 151 Ala. 171, 179, 44 So. 97, 100, it was said:

"The rule * * * seems to be inflexible, that all persons who have a material interest in the litigation, or who are legally or beneficially interested in the subject-matter of the suit, and whose rights or interests are sought to be concluded thereby, are necessary parties. Perkins v. Brierfield I. & C. Co., supra [77 Ala. 403]; McKay v.

Broad, 70 Ala. 378; Smith v. Murphy, supra [58 Ala. 630]; Story's Eq.Pl. § 72; 3 Mayfield's Dig. pp. 254–256."

■ And this court in Jacobs v. Murphy, 245 Ala. 260, 263, 16 So.2d 859, 862, observed that "in all suits in equity respecting the lands of decedent his heirs at law are necessary parties. * * * Carwile v. Crump, 165 Ala. 206, 51 So. 744." See also Box v. Box, 253 Ala. 297, 45 So.2d 157; Williams v. Yates, 229 Ala. 437, 157 So. 867; O'Rear v. O'Rear, 219 Ala. 419, 122 So. 645.

■ The learned trial court took notice of the contention of appellants that necessary parties were not before the court, but relying upon the rule that this court as well as the trial court ex mero motu should take notice of such fact and since this court on the former appeal had not done so, considered that status as a holding by this court that all necessary parties were present. Regrettably, this court must have overlooked the fact of the absence of necessary parties on the former appeal, but must hold that before a reformation may be had the heirs of the grantors of Virgil Scott must be brought into the litigation as parties.

■ The same rule also would apply to King, Scott's grantee, in any proceeding seeking a cancellation of King's deeds to his grantees. King's conveyances to his grantees were warranty deeds and he likewise should be made a party to a bill to cancel them. 9 Corpus Juris 1228, § 133; 12 C.J.S., Cancellation of Instruments, § 54(1), p. 1032; Abernathie v. Rich, 229 Ill. 412, 82 N.E. 308.

■ It results, therefore, that the cause must be dismissed without prejudice or may be ordered to stand over for amendment. Harris v. Johnson, 176 Ala. 445, 448, 58 So. 426.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.